State ex rel. Fuqua vs. Brame, Special Judge.

## No. 6727.

STATE EX REL. FUQUA, TUTOR, VS. F. D. BRAME, SPECIAL JUDGE.

On the recusation of a district judge in a particular case, an attorney at law can not be compelled to accept the appointment of judge ad hoc, to try the case in place of the recused judge; nor to act, even after having accepted the appointment, and passed on some preliminary questions in the case.

APPLICATION for a mandamus.

*Wedge & Moore, Calhoun Fluker, and Labatt & Clinton,* for relator.

Respondent for himself.

The opinion of the court was delivered by

SPENCER, J. Certain suits are pending in the district court of East Feliciana between the relators and K. A. Cross. The judge of that court having been of counsel previous to his election, recused himself, and appointed the defendant Brame, an attorney of that court, special judge to try them. Brame accepted the appointment, took the oath as judge *ad hoc,* and tried some preliminary questions and exceptions therein. Subsequently he stated from the bench, that, while he had no interest in the suits, nor had been of counsel, nor was related within the fourth degree to any of the parties, he was a personal friend of Mr. Cross, and had some family relationship with parties to the suit. He therefore declined to sit longer as judge *ad hoc,* and vacated the bench, refusing to proceed with the trial.

Relators thereupon apply to this court for a mandamus to compel him to proceed as judge *ad hoc* to the trial.

The defendant answers in substance to the rule *nisi*—

First—That article ninety of the constitution does not compel an attorney, not a judge of any court, to abandon his own business and assume against his will the office and responsibilities of a judge in any court or case.

Second—That he has been appointed against his will, during the present term, judge *ad hoc* to try at least half a dozen cases like the present and that "the said appointments are attended with neither honor, nor profit, and are a nuisance."

Third—That such compulsory service would be involuntary servitude, in violation of article thirteen of the constitution of the United States.

Fourth—That act No. 70 of 1876 provides for the disposal of cases like the present, where no attorney possessing the requisite qualifications will serve as judge *ad hoc.*

The course of the defendant looks very much like trifling with serious interests and his answer is wanting in that gravity which ought to characterize judicial proceedings. He should not have accepted unless he

State ex rel. Fuqua vs. Brame, Special Judge.

intended doing his duty. But we know no law by which we can compel him to do so. The ninetieth article of the constitution requires the judge to appoint an attorney, but does not make it *obligatory* on the attorney to accept, or having accepted, to compel him to serve. If he be considered as an officer, a judge, still he has the right to resign, provided he does not do so *inopportunely* and to the defeat of the rights of others. His action in this case amounts to a resignation; and although it appears by the certificate of the district judge that there is no other attorney at that bar who can be appointed, we do not think that the relators are remediless. The act No. 70 of 1876 provides, we think, specifically for their case, and enables them to have their cases tried by transfer to another district.

The mandamus is therefore refused with costs to be paid by relators.