NEW ORLEANS, MAY, 1881.                923

State of Louisiana ex rel. Hernandez vs. Monroe, Judge.

No. 8318.

THE STATE OF LOUISIANA, EX REL. JOSEPH HERNANDEZ, VS. F. A. MONROE, JUDGE OF THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

This Court will not issue the writ of Prohibition where the evil complained of, may be remedied by Appeal.

The mere apprehension that two courts, trying cases between the same parties, may issue conflicting orders to the injury of the Relator, is not a sufficient cause for this Court to interfere, by anticipation of the conflict, in the proceedings of one of the two courts, and issue the writ of Prohibition against the judge thereof.

The writ of Prohibition is not one of right, and should only issue in cases of usurpation of power or jurisdiction by the lower court. 32 An. 1186.

APPLICATION for writs of Prohibition and *Certiorari*.

*F. A. Monroe*, Judge, Respondent.

*Thos. J. Semmes* and *A. G. Brice* for the Relator.

*W. S. Benedict* and *E. North Cullom* for the Respondent.

The opinion of the Court was delivered by

TODD, J. The relator applies for a writ of prohibition, the object of which is to restrain F. A. Monroe, judge, from proceeding further in the trial and determination of the case of Rosema D'Aunoy, wife, vs. Joseph Hernandez, husband, now pending before him, and of all motions and exceptions relating to said case.

The facts connected with this application are briefly as follows :

On the 23d of May, 1881, Rosema D'Aunoy, wife of Joseph Hernandez, instituted suit against her husband for separation from bed and board, on the grounds of cruel treatment and defamation of character, in the Civil District Court of the parish of Orleans, which suit was assigned to the Hon. F. A. Monroe, presiding in Division "C" of said Court.

. The defendant, Hernandez, filed an exception to the jurisdiction of the Court, on the ground that the domicil of the plaintiff and himself was in the parish of St. Bernard. The exception was tried, evidence was heard on the issue raised by it; and on the 24th of June, 1881, the exception was overruled. Thereupon, the plaintiff in the suit took a rule on the defendant for an allowance of alimony, which rule was excepted to on the ground that, on the 16th of May, 1881, the defendant in the rule, Hernandez, had brought a suit against his wife, plaintiff in the rule, for divorce, in the parish of St. Bernard; that the wife in that suit had filed a plea to the jurisdiction of the court, alleging that she and her husband resided in the parish of Orleans, which plea was overruled. That by virtue of the decision thus rendered by the court in St. Bernard on the question of domicil, the judge of the Civil District Court of the parish of Orleans (Hon. F. A. Monroe) was precluded from enter-

924 SUPREME COURT OF LOUISIANA,

State of Louisiana ex rel. Hernandez vs. Monroe, Judge.

taining the rule for alimony, and from proceeding any further in the case. The rule and exception thereto were fixed for trial on the 28th of June, and the relator, alleging that, notwithstanding the proceeding in the District Court of the parish of St. Bernard, and the decision of that Court on the question of domicil, the Hon. F. A. Monroe persists in trying the rule for alimony, and in entertaining jurisdiction of the case, asks that he be prohibited from doing so by the writ applied for.

The judge against whom the writ is sought, in his answer, sets up substantially the following grounds of opposition to the same:

1st. That the causes of action in the two suits were different; that the suit by the husband could not estop the wife from bringing her suit, nor in selecting the tribunal in which to bring the suit, subject to the judgment of such tribunal whether the suit was properly brought therein or not.

2d. That the right of the wife to her suit was independent of and co-equal with that of the husband; that if sued by the husband, the wife could set up her claims by reconventional demand or resort to an independent action; and in the event that she pursues the latter course, the court in which such action is brought is bound, in the first instance, to determine the question of jurisdiction, if raised, subject to review by this Court alone; and that his authority or right to act, touching this question, is not affected or transmitted by the suit between the parties, before a different court, or the fact that such court had rendered a decision on the question of the domicil of the parties, and maintained its jurisdiction of the case.

We find that the suit mentioned in the proceedings and answer of the defendant judge, was brought by Hernandez against his wife in the District Court of the parish of St. Bernard, on the 16th of May, 1881. The suit was for a divorce on the ground of adultery.

There is no question but that the Civil District Court of the parish of Orleans had jurisdiction *ratione materiæ* of the suit for separation from bed and board instituted by the plaintiff in the suit against Joseph Hernandez, her husband. The court, too, was certainly competent to pass on and decide the question of its jurisdiction of the case, raised by the exception of domicil. It had the same right and authority to determine this question, as the court of St. Bernard had to decide on the question of its jurisdiction of the suit between the same parties instituted before that court. The two courts are equal, as respects the question of their jurisdiction, and are entitled equally to the legal presumption in favor of the correctness of their respective rulings, orders and proceedings. The parties, too, to these suits are equals before the law, and endowed with equal rights and privileges. The one, just as much as the other, if aggrieved, had the privilege of claiming judicially the redress of such

grievance, and the liberty of choosing the tribunal which, according to their judgment, was the proper one before which to make their respective demands. They have both exercised this legal right—both brought suits before two different courts. As the parties are husband and wife, and as they can have but *one* domicil, and but one court—the court of that domicil—can legally entertain jurisdiction of a suit between them of the character mentioned, it is very evident that one suit or the other was brought before the wrong tribunal. Of course, it would be impossible for this Court to determine this question of jurisdiction and domicil without examining the evidence on the subject brought up in the records from both courts. This we do not feel authorized to do, since these rulings, of themselves, can work no irreparable injury; and relief from the effect of them can be afforded by appeal. It is, however, urged that these courts may, in the course of the proceedings, issue conflicting orders and decrees which may cause such injury, and that the Civil District Court of the parish of Orleans has already issued a rule respecting the allowance of alimony to the wife, and the court of St. Bernard may do the same thing, and that such a conflict of authority and two judgments for alimony would work a great hardship to the relator. It is true that the rule mentioned has issued and has been fixed for trial. This may be sufficient to cause an apprehension of injury, admitting that the court was without authority in the premises, as alleged; but a mere apprehension of injury is not of itself sufficient to justify the interference of this Court with the proceedings of an inferior tribunal, acting within the general scope of its powers, and exercised in an appealable case.

There must be a plain usurpation of authority or an arbitrary exercise of power on the part of such tribunal, and the injury must be actual or immediately impending, to call for such interposition by this Court. For instance, the action of the defendant judge complained of, so far has caused no such injury. *Non constat*, that upon the trial of the rule, he would award any alimony to the wife; and even if he did, so long as the same thing is not done by the judge of the St. Bernard court, no such injury would be sustained. The former judge would simply be granting that which the latter was asked by the relator himself to do. If both courts had actually awarded alimony, and their decrees were being enforced, it might present a case for our interference. But such a state of facts does not exist, and probably never will.

It is true, that in the suit pending in New Orleans, the plaintiff in that suit, the wife, made application for alimony, and the judge granted a rule looking to the allowance of the same. And it is also true that, in the suit instituted by the relator, the husband, in the parish of St. Bernard, he asked in his petition that the wife should be allowed

alimony. He asked also that the wife might be authorized to defend the suit; but while we find that the latter order was duly rendered by the judge, he has declined to grant, or at least has not granted the former request. Nor is it probable that he ever will do so. The law authorizes a judge, upon a proper showing, to grant alimony during the pendency of the suit to a wife, demanding it, who "has left or declared her intention to leave the dwelling of her husband," and who has sued her husband for separation from bed and board, or for a divorce, C. C. 147, 148; but there is no warrant or legal authority for a judge to grant such allowance on the application of the husband, especially in a suit charging the wife with adultery. Such an application on his part would be utterly inconsistent with the action he brings to brand his wife with a charge sufficient to cover her with infamy, and at the same time soliciting the court to aid her out of his means to relieve the distress brought on by her offense, and at the same time, what adds to the irregularity of the application is, that the husband, if he desires to contribute to the pecuniary assistance of his wife, during this period of distress, is perfectly at liberty to do so without any action of the court looking to its compulsion. The whole theory of alimony is the presumed innocence and good faith of the wife, her actual need, the unwillingness of the husband to contribute to her support, and the necessity of the court's interposition to compel him to do so.

Should the respondent judge try the rule pending and allow the alimony claimed, and should the judge of St. Bernard court, in a spirit of usurpation, grant the extraordinary request of relator, and the relator is thereby subject to the necessity or danger of paying a double allowance of alimony, in such an actual conflict of power and authority between the courts, of which the relator would be the victim, a condition of things might be presented, justifying or demanding our interference. As it is, we do not find that any thing has been done, or is likely to be done, that cannot be remedied by appeal.

As said by us in case of State ex rel. vs. Rightor, Judge, 32 An. 1186: "It is not in all cases in which a court may have *no* jurisdiction that a prohibition can issue from this Court. It is not a writ of right. 19 L. 167, 174; 27 An. 336; 29 An. 360. It is an extraordinary one, which can only issue where the court having no jurisdiction clearly usurps jurisdiction." C. P. 846; 4 An. 11; 16 An. 186. See, also, 32 An. 549, 553, 676.

For these reasons, it is ordered that the preliminary restraining order herein made be rescinded, and that the application for a prohibition and certiorari be refused at relator's costs.