## No. 9590.

THE STATE EX REL. MORGAN'S LOUISIANA AND TEXAS RAILROAD AND STEAMSHIP COMPANY VS. THE JUDGES OF COURT OF APPEALS OF THIRD CIRCUIT.

It is not until after a plea to the jurisdiction has been made and overruled below, that an application for a prohibition can be entertained by the Supreme Court. In the absence of an averment to that effect, the prayer for relief is premature and cannot be allowed.

A PPLICATION for Prohibition.

*Leory & Leory* and *J. P. Blair* for the Relator.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This application for a Prohibition is based on the ground that the Circuit Court, to which appeals have been taken in a number of cases decided in favor of the relating company, has no jurisdiction over them, the matter involved in each exceeding, it is alleged, two thousand dollars.

The charge is that the Circuit Court "will, according to the mode of procedure which prevails therein, assimilate said motions to dismiss with the trial of said suits on their merits, and unless restrained, will hear and decide them to relator's great wrong and injury."

It does not appear that the motions to dismiss have been overruled, and that the court is about to proceed to try the merits of the cases.

The complaint is, *not* that the Circuit Court *has*, notwithstanding objection, maintained jurisdiction, *but* that the court *will* hear and decide to relator's great wrong and injury.

| 37 | 845 |
| 45 | 1324 |
| 37 | 845 |
| 52 | 1193 |
| 37 | 845 |
| 104 | 305 |
| 37 | 845 |
| 110 | 860 |
| 37 | 845 |
| 113 | 429 |
| 113 | 1047 |
| 37 | 845 |
| 120 | 377 |
| 37 | 845 |
| 122 | 86 |

It is impossible to conceive how, *after* the relating company has, by the motions to dismiss, invoked the powers of the Circuit Court, this Court can be appealed to, in order to prohibit the exercise of those powers.

*Non constat* the Court of Appeals will not sustain those motions, if it be true, as alleged, that the matter involved in each case exceeds two thousand dollars.

Were the court, however, to overrule them illegally, the relators would be entitled to seek relief here against the effect of the ruling.

It has been repeatedly held, that it is not until *after* a plea has been made to the jurisdiction of a lower court and overruled by it, that the interference of the Supreme Court can be claimed.

There is no reason to depart from that wholesome rule of practice, which, well founded in law and reason, must continue to be enforced.

The application is dismissed with costs.