### No. 9710.

THE STATE EX REL. C. E. GIRARDEY VS. O. B. STEELE ET AL.

An application for a prohibition will not be considered, *unless* a plea to the jurisdiction has been first filed and overruled in the lower court.

APPLICATION for Prohibition.

*B. R. Forman* for the Relator.

*Cunningham & Moïse* for the Respondents.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an application for a prohibition, to prevent the trial of an injunction proceeding over which, it is claimed, that the Third Judicial District Court has no jurisdiction.

In the suit of the present relator vs. Steele, *Auditor*, reported in 37 Ann. 317, which involved the right of the Auditor to cancel an auctioneer's license, this Court held that he had no such power, under the

circumstances of the case, and decreed "that relator recover *his costs* in both courts."

The mandate was duly filed in the lower court and ordered to be executed.

A writ of *fi. fa.* having issued against O. B. Steele for an amount claimed by relator as his costs in that case, the defendant in writ, contending that the judgment of this Court, not having condemned him to pay *individually*, but *officially*, the costs, applied to the Third Judicial District Court having jurisdiction of his domicile, for an injunction, which was allowed by the *clerk*, arresting the execution for costs.

Thereupon, the relator presented to this Court his application for a prohibition to stay and annul the injunction proceedings, on the main ground that the said district court has no jurisdiction "to entertain a suit to annul or restrain an execution of a judgment of this Court."

The Code allows relief to the party who complains that the court *wishes* to transcend its jurisdiction. Hence, precedents establish that this Court will not entertain the application, *unless* it appears that an exception has been filed and was overruled to the jurisdiction, and it clearly appears that the lower court has usurped a competency which it does not possess. C. P. 847; 10 R. 169; 29 Ann. 806; 37 Ann. 845; see also, C. P. 846, 849.

It does not appear that the relator has excepted to the jurisdiction of the district court. It is necessary he should do so.

It may well be that the district court may decide that the writ properly issued against Steele, just as it may well happen that it may rule otherwise.

It is perfectly clear that it is not until after such exception has been filed and overruled, that the relator can have a hearing in this Court for a prohibition against the district court, to prevent the trial of the injunction suit on its merits.

At this stage, the present proceeding is surely premature and cannot be entertained.

It is therefore ordered that the restraining order herein made *in limine* be remanded, and that the application for a prohibition be dismissed with costs.