## No. 10,882.

STATE EX REL. WIDOW CATHERINE BAKER VS. JUDGE OF SECOND RECORDER'S COURT.

1.  It not appearing that a pending prosecution of the relatrix for a violation of a city ordinance is the *same* offense as that with which she stands charged under a previous affidavit, made under the same ordinance, the Recorder had jurisdiction thereof to try and determine the same, notwithstanding the relatrix has appealed suspensively from a judgment and sentence under said previous charge.

2.  It is unquestionably settled, that, until a plea to the jurisdiction of a court has been made and overruled, an application for a writ of prohibition can not be entertained.

A PPLICATION for Prohibition and *Certiorari*.

*James C. Walker* for Relatrix.

*Henry Renshaw*, Assistant City Attorney, and *Carleton Hunt*, City Attorney, for Respondent.

The opinion of the court was delivered by

WATKINS, J.   The purport of relatrix's complaint is that, on the 9th of August, 1891, she was arrested on the complaint of one W. G. Sielhorst, with wilfully and maliciously and unlawfully keeping

an assignation house at No. 336 Dauphine street, between Esplanade and Kerlerec, in the City of New Orleans, in violation of Section 8 of City Ordinance 4434, C. S., the complaint being that on the date named, before and after, she was thus unlawfully engaged and employed.

Subsequently, to-wit, on the 10th of September, relatrix was put upon her trial, and convicted, and sentenced to pay a fine, or to be imprisoned, in default of making payment thereof.

In answer to this complaint in the Recorder's court, the relatrix, *inter alios*, set up as a defense, that her arrest and detention were "without due process of law," and said court "without jurisdiction to inquire into the subject matter of said affidavit," and coupled therewith a special and general denial.

From the sentence and decree therein pronounced, the relatrix appealed and gave bond according to law.

That, notwithstanding her said appeal, she has been again arrested on the self-same charge of violating same ordinance, upon the affidavit of same complainant, and of keeping an assignation house at the self-same municipal number; which affidavit was made and filed in same Recorder's court, on the 8th of October, 1891, during the pendency of her *perfected* appeal aforesaid.

Her averment is, that "the matter and fact set forth in the affidavit first mentioned, and the matter and fact set forth in the second affidavit, and severally mentioned, are *one and the same* matter and fact, and not divers and different matters and facts."

It is on this hypothesis that relatrix avers that the Recorder exceeded the bounds of his jurisdiction—he having no authority to take cognizance, and try and determine the *subsequent* charge and complaint, during the pendency of her suspensive appeal from the final judgment and decree rendered upon said *former* judgment and decree.

*Certiorari* was intended to bring up the records of the Recorder's Court for inspection.

The respondent returns that it is not a fact that the relatrix was arrested and held to bail upon an affidavit charging her with the *same* offence, and based upon identically the *same fact* (which) is set forth in the affidavit first referred to. He avers that she was arrested on the second affidavit for an infraction of said ordinance, committed *subsequent* to the date set forth in the first affidavit. He

Vidalat vs. City.

further avers that the eleventh section of the city ordinance in question provides that *each day* any person shall continue to violate the provisions of the same it shall constitute a separate offence. He further avers that in the second affidavit she was charged with such a new and separate offence, committed on a date different and subsequent to that one first charged against her.

On this ground respondent claims the right to exercise jurisdiction, and prays that the writs be denied. He further pleads and avers that no plea to the jurisdiction was ever tendered in his court, and that said last named cause has not been tried and disposed of.

Reference to the eleventh section of said ordinance discloses the correctness of the respondent's averment " that each day any person shall continue to violate the provisions (thereof) shall constitute a separate offence; " and in our opinion that provision is conclusively against the complaint of the relatrix.

The first affidavit was made on the 9th of August, and the latter on the 8th of October, 1889, two months intervening. There is no room for doubt of there having been two different and distinct charges preferred against the relatrix; and of the respondent's jurisdiction in the premises we entertain no doubt; and it was not questioned by plea in his court before this suit was filed. State ex rel. Hug vs. Recorder, 39 An. 507, is precisely in point.

In addition to this it has been repeatedly held by this court that, "until after a plea to the jurisdiction has been made and overruled an application for a writ of prohibition can not be entertained." State ex. rel. Railroad Company vs. Judge, 37 An. 843; State ex rel. Girardy vs. State, 38 An. 569; State ex rel. Shakspeare vs. Judge, 40 An. 607; State ex rel. LeBlanc vs. Judge, 40 An. 908.

It is therefore ordered that the prayer of the relatrix be refused, and said writs denied, at her cost.