Statement of the Case.
MONROE, J.
Relator alleges that he has been appointed by the Governor, and has qualified, to the office of supervisor of registration for the parish of Orleans, vice Jeremiah M. Gleason, removed for cause; that before he had received his commission Gleason had obtained from the Honorable John St. Paul, *375 judge of the civil district court, ex parte, a writ of injunction prohibiting him from assuming the duties of the office, but that, after hearing, the judge set the writ aside, as having been improvidently issued, and refused to allow a suspensive appeal from the judgment so rendered; that Gleason, through his counsel, then gave notice that he would apply to the Court of Appeal for a writ of mandamus to compel the granting of such appeal to that court, and that relator gave notice that he would apply to this court for a writ of prohibition to prohibit the Court of Appeal from assuming jurisdiction or making any order in the case. He further alleges that jurisdiction in such matters is determined by the amount of the annual salary attached to the office; that the annual salary attached to the office here in dispute is fixed (by Act No. 199, p. 453, of 1898) at $3,600, and that the term of the office is four years, or until the successor of the incumbent shall have been appointed and qualified, unless such incumbent be sooner removed; that Gleason was appointed on July 25, 1906, and that the allegation contained in his petition for injunction, that his term expires in May, 1908, is without warrant of law, the fact and the law being that said term expires at the end of four years from the date of the appointment. Wherefore relator prays that the Court of Appeal be prohibited from assuming jurisdiction or making any order in the cause on the application of said Gleason. To this two of the Judges of the Court of Appeal answer that, when Gleason’s application was presented to them, they were advised, by relator’s counsel, that he would make the application (to this court) which we are now considering, and that all parties were informed that the Court of Appeal would, under the circumstances, take no action until the fate of said last-mentioned application should have been determined; it being understood that the status quo would in the meanwhile be preserved. One of the judges, the Honorable H. L. Dufour, recuses himself by reason of being connected by affinity with the relator, and another, the Honorable I. D. Moore, states that by reason of the fact that he will be a candidate at the primary election soon to be held, and from consideration of delicacy, he will recuse himself, should it be found that the matter at issue is within the jurisdiction of the court of which he is a member.
Gleason, for cause why the writ prayed for should not be granted, says: That, as appears from the allegations of his petition for injunction, the amount here involved exceeds $100 and does not exceed $2,000, his salary for his unexpired term being either $1,140 or $1,440, as it may be found that such term expires on the 1st or the 31st of May, 1908; that the Court of Appeal will therefore have jurisdiction of the appeal, and may issue such writs as are necessary in aid of that jurisdiction, and hence did not exceed its authority in entertaining his application. Respondent further says that “up to the time of making this application, not only had the Court of Appeal rendered no order, but the defendant [referring to the relator herein] had made no appearance therein suggesting want of jurisdiction,” and that “an application for a prohibition asked to issue to a court which is charged with usurping jurisdiction or exceeding its powers .will not be entertained unless an exception has been made to its jurisdiction and has been overruled.” Respondent further refers the court to its recent rulings in the cases of Town of Ponchatoula v. Police Jury, 45 South. 253, and Hart v. Police Jury, Id., as sustaining the objection that the present application is premature.
Opinion.
In the opinion in the case of State ex rel. Shakespeare v. Judge, 40 La. Ann. 607, 4 South. 485, it was said:
“It is established by the jurisprudence of this court that no application for a prohibition can *377 be entertained until after a plea to the jurisdiction of the lower court has been urged and overruled. The cases in which this has been held are so numerous that it would be cumbersome to enumerate them all. State ex rel. Larieux v. Judge, 29 La. Ann. 806; State ex rel. Morgan’s Louisiana & T. R. Co. v. Judge, 37 La. Ann. 845; State ex rel. Girardey v. Steele, 38 La. Ann. 569; State ex rel. Smith v. Judge, 38 La. Ann. 920.”
Since the case thus cited was decided the rule stated has been categorically affirmed in State ex rel. Baker v. Judge, 43 La. Ann. 1119, 10 South. 179; State ex rel. Bassetti v. Judge, 44 La. Ann. 1093, 11 South. 872; State ex rel. Lehman v. Judge, 46 La. Ann. 176, 15 South. 283; State ex rel. Romero v. Allen, Judge, 47 La. Ann. 1600, 18 South. 634; State ex rel. City v. Judge, 48 La. Ann. 1449, 21 South. 28; State ex rel. Sugar Refinery & R. Co. v. Judge, 104 La. Ann. 305, 29 South. 114; State ex rel. Pelletier v. Sommerville, Judge, 112 La. 1098, 36 South. 864; State ex rel. Aucoin v. Board, 113 La. 429, 37 South. 16. In the instant ease the judges of the Court of Appeal, being notified that an application would be made to this court to prohibit them from making any order whatever in the matter presented to them, naturally, and, in accordance with the proper custom in such cases (it being understood that the status quo would, in the meantime, be preserved), refrained from further proceeding until the result should be made known to them. But they were, and are, vested with authority to determine in the first instance whether the matter so presented is within their jurisdiction, and, as by a jurisprudence founded upon both law and reason it has been settled that this court will not anticipate by prohibiting any action in the premises the judgment of an inferior tribunal upon a question which it is authorized to decide, it follows that the application so made, and now under consideration, must be denied.
It is therefore ordered that relator’s application be denied, and this proceeding dismissed at his cost