(45 South. 548.)

No. 16,989.

TRICHE v. LABICHE et al.

(Feb. 8, 1908.)

1. ELECTIONS — PRIMARIES — CONTEST — AUTHORITY OF CLERK OF COURT.

The clerk or deputy clerk of the district court is without authority to order the issuance of a rule nisi at the instance of a candidate contesting the decision of a committee as to the result of a primary election held under section 25, Act No. 49, p. 77, of 1906.

2. SAME—APPLICATION FOR RELIEF—PETITION.

Under section 25, Act No. 49, p. 77, of 1906, a candidate who feels aggrieved by the decision of the committees as to the result of a primary election has 24 hours within which to apply to a court of competent jurisdiction for relief, and such application, in the form of a petition, may be delivered to the clerk, or, if the clerk be a party in interest, to his deputy (whose duty it is to file it), and, when so delivered, it is an application "to said court," within the meaning of the law, whether the judge be present or absent.

(Syllabus by the Court.)

Appeal from Twenty-Eighth Judicial District Court, Parish of St. Charles; Prentice Ellis Edrington, Judge.

Action by J. C. Triche against S. H. Labiche and others. Judgment for defendants and plaintiff appeals. Reversed in part and affirmed in part.

Robert James Perkins and James Wilkinson, for appellant. John Curd Wickliffe, for appellees.

MONROE, J. In this case it appears that plaintiff and defendant were opposing candidates at the primary election held in the parish of St. Charles on Tuesday, January 28, 1908, for the nomination to the office of clerk of the district court; that the Democratic parish executive committee met on Friday following the election, and ordered that another election be held; that, within 24 hours, plaintiff presented a petition to the district court, alleging that he had received a majority of the votes cast at the election already held, complaining of the action of the committee, and praying that his opponent and the members of the committee be ordered to show cause why, for reasons stated, such action should not be declared ultra vires, fraudulent, and illegal; that, the judge being absent from the parish, and plaintiff being clerk of the court, the deputy clerk made an order for the issuance of the rule, as prayed for, which rule was made returnable on Monday, February 3d; that on the return day defendant, after answering to the merits (though in the same pleading), set up the incapacity of the deputy clerk to make such order; that thereafter, on the arrival of the judge, plaintiff presented to him a supplemental application, in the form of a motion, setting forth the steps taken by him, and further alleging that, to avoid all question as to the legality of the order, as made

by the deputy clerk, he desired, and prayed, for an order to the same effect by the judge; that defendant objected to the granting of such order, on the ground that the application came too late; and that the judge declined to allow the supplemental application to be filed and declined to grant the order as prayed for, on the ground stated in the objection, to wit, that the application came too late, from which ruling plaintiff prosecutes this appeal. In the case of Leon C. Vial v. Charles Elfer et al., No. 16,988 (this day decided) 45 South. 545, [1] it has been held that the clerk was without authority to make an order such as that which was made herein by the deputy, but that plaintiff, who was there complaining of the action of the committee in ordering a new election for nomination to the office of assessor, had complied with the law (section 25, Act No. 49, p. 77, of 1906) by delivering his application to the clerk of the court at the place established by law for holding the sessions of such court; that it was the duty of the clerk to receive and file such application; that, when so delivered and received, the application was made to the court within the contemplation of the statute in question; and that the applicant could not be made to suffer by reason of the failure of the judge to act, whether such failure was occasioned by his absence from the parish or other cause.

The reasons for the conclusions thus reached are given, at some length, in the opinion handed down in the case referred to, and are adopted as the basis of the judgment in the instant case.

It is therefore ordered, adjudged, and decreed that, in so far as the judgment appealed from holds that the order, made on plaintiff's petition by the deputy clerk, was unauthorized, the same be affirmed; and that in so far as said judgment holds that plaintiff's application was not made to the court

----

[1] Ante, p. 673.

----

within the time as required by law and that it was not the duty of the judge a quo to order the issuance of the rule nisi as prayed for, the same be annulled, avoided, and reversed. It is further ordered that this case be remanded to the district court to be there proceeded with in accordance with the views expressed in the foregoing opinion and the law; the costs of the appeal to be paid by the appellees and those of the lower court to await the final judgment in the case.

━━━━

(45 South. 548.)

No. 16,744.

DARBY'S HEIRS v. EMMER.

(Jan. 20, 1908.)

PUBLIC LANDS—RIGHTS OF SETTLER—ACTION BY TRESPASSER.

One who by breaking, or opening, the fence of an actual, peaceful, lawful settler upon, and possessor of state land, makes an unlawful entry thereon, acquires no rights or privileges under Act No. 21, p. 31, of 1886, entitled "An act for the protection of actual settlers on state lands; defining the mode and manner by which such lands, possessed, improved or cultivated, may be entered or purchased from the state, and regulating the duties of the Register of the State Land Office with reference thereto"; and, having himself no rights in the property, he had no standing to question the title which the actual possessor (within the contemplation of the statute in question) may have acquired.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Action by the heirs of Coralie Darby against Albert G. Emmer. Judgment for plaintiffs, and defendant appeals. Affirmed.

See 43 South. 148, 118 La. 517.

Burke & Burke and Andrew Thorpe (John Curd Wickliffe, of counsel), for appellant. Weeks & Weeks, for appellees.

Statement.

MONROE, J. The contestee prosecutes this appeal from a judgment of the district court affirming an adverse ruling made by the Register of the State Land Office in a