(47 South. 405.)

No. 17,289.

STATE ex rel. LE BLANC v. TWENTY-FIRST JUDICIAL DISTRICT DEM-OCRATIC COMMITTEE.

In re GAY et al.

(Oct. 2, 1908.  Additional Opinion, Oct. 6, 1908.)

1. PROHIBITION — EXISTENCE AND ADEQUACY OF OTHER REMEDIES.

This court will not issue a writ to a court of inferior jurisdiction, prohibiting it from proceeding in a cause, for alleged want of jurisdiction, until a plea to the jurisdiction has been presented to, and overruled by, such court, and then only when there is no adequate remedy by appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Prohibition, §§ 5, 54.]

2. JUDGES—SPECIAL OR SUBSTITUTE JUDGES—APPOINTMENT.

The law (Act No. 185, p. 430, of 1898) providing for the appointment of judges ad hoc in recused cases, contemplates the naming of some one who (being competent) is either willing, or is obliged by law, to act, and where a person is named who is neither willing nor obliged, and who declines, to accept, the order of appointment does not take effect, and the judge making it is not devested of jurisdiction for the purposes of such appointment.

3. SAME—ORDER OF RECUSATION—MAKING IN OPEN COURT—NECESSITY.

Where there is no contest, resulting in a trial and judgment of recusation, the order of recusation need not be made in open court. It is sufficient that it be entered upon the minutes.

4. PROHIBITION—JUDGMENT OR ORDER—FINAL —WHEN BECOMES.

The rule laid down in Code Prac. art. 851, applies.

5. SAME.

The court "shall pronounce summarily and finally" on the right of jurisdiction.

6. SAME.

The decision in State ex rel. Gausson v. Judge, 21 La. Ann. 50, has never been overruled in a case for prohibition presenting the issues presented in this case.

(Syllabus by the Court.)

Petition by Andrew H. Gay, Jr., and others, members of the Twenty-First Judicial District Democratic Committee, for writs of certiorari and, prohibition, prohibiting any further proceedings in an action by the state, on the relation of Joseph E. Le Blanc, Jr., for mandamus against the Twenty-First Judicial District Democratic Committee.  Petition dismissed.

Edward Blount Talbot, Albin Provosty, Hewitt Bouanchaud, Paul Geddes Borron, F. P. Wilbert, and James Clark Henriques, for relators.  Walter Lemann, Laycock & Beale, Taylor Beattie, and Edward Nicholls Pugh & Son, for respondents.

Statement of the Case.

MONROE, J.  It appears in this case that, in the Democratic primary election held in the Twenty-First judicial district on September 1st of this year, the Honorables L. B. Claiborne and C. K. Schwing, the present incumbents, and Joseph E. Le Blanc, Jr., relator herein, were candidates for nomination to the judgeships; that on September 4th the Democratic committee for the district met, and, having tabulated the returns, declared L. B. Claiborne and C. K. Schwing to be the nominees; that on September 10th Joseph E. Le Blanc, Jr., filed a petition in the Twenty-First judicial district court, praying that a writ of mandamus issue commanding the committee to reassemble and recanvass the returns, and that Judge Claiborne made an order thereon directing the committee to shew cause, on a day fixed, why the writ should not issue as prayed for; and that on September 12th Judge Claiborne made an order recusing himself on the ground of personal interest, and appointing the Honorable H. F. Brunot, judge of the Twenty-Second judicial district court, to hear the case in his stead.  It further appears that prior to that time, to wit, on September 10th, Judge Brunot had been granted a leave of absence for 30 days by the Governor, which had been filed in court on the day following, and that when, on September 14th, notice of the recusation of Judge Claiborne and of his (Brunot's) appointment to serve in his (Claiborne's) stead was served upon him, he declined in writing to act, and

requested that the order appointing him be vacated, on the ground that he had been granted a leave of absence for 30 days from September 10th, which had been filed by the clerk, and that he was on the point of leaving the state. It appears that Judge Claiborne thereupon (on September 15th) made an order, vacating the order previously made by him (to quote the language), "in so far as concerns the appointment of Judge Brunot," and amending said order by appointing the Honorable Joseph L. Golson, judge of the Twenty-Fourth judicial district court, to act in his stead in the recused case in place of Judge Brunot.

And thereupon Andrew H. Gay, Jr., and others, members of the Twenty-First Judicial District Democratic Committee, and C. K. Schwing, candidate for renomination to the judgeship, presented to this court the petition now under consideration, praying that Judges Claiborne and Golson be prohibited from taking any further action in the litigation so begun, on the ground that, when Judge Claiborne—

"recused himself * * * and appointed Hon. H. F. Brunot, judge * * * to try said cause, he absolutely stripped himself of jurisdiction over said cause, and had no power or authority in law to issue any further order in, or exercise any jurisdiction over, said cause; that the said * * * Brunot * * * having been appointed by said Claiborne in his order recusing himself, and having been duly served with notice of appointment, * * * had full, complete, and exclusive jurisdiction over said cause, the same as if the said cause had been an original suit filed in the jurisdiction of his court; and on the further ground that the order appointing Hon. Jos. L. Golson as judge to try said cause was signed at chambers, and not in open court."

No action appears to have been taken by Judge Golson under his appointment, save the making of an order extending the delay for the return (as fixed by the order of Judge Claiborne) from September 16th to September 21st; and relators do not appear to have invoked any ruling from either of the judges upon the question of jurisdiction here presented.

## Opinion.

The writ of prohibition cannot issue in this case for two reasons, either of which would be sufficient, to wit:

(1) Because this court will not issue a writ to a court of inferior jurisdiction, prohibiting it from proceeding in a cause for alleged want of jurisdiction, until a plea to the jurisdiction has been presented to and overruled by such court, and then only where there is no adequate remedy by appeal. State ex rel. Larieux v. Judge, 29 La. Ann. 806; State ex rel. Morgan's Louisiana & Texas Railroad & Steamship Co. v. Judges, 37 La. Ann. 845; State ex rel. Girardey v. State, 38 La. Ann. 569; State ex rel. Shakespeare, Mayor, v. Judge, 40 La. Ann. 607, 4 South. 485; State ex rel. Le Blanc & Richard v. Justice of the Peace, 41 La. Ann. 908, 6 South. 807; State ex rel. Baker v. Judge, 43 La. Ann. 1119, 10 South. 179; State ex rel. Follet et al. v. Rightor, Judge, 32 La. Ann. 1182; State ex rel. Hernandez v. Monroe, Judge, 33 La. Ann. 923.

(2) Because it does not appear, from the record as presented, that either of the judges, made respondents, has exceeded or is about to exceed the jurisdiction with which he is vested.

The Constitution requires the General Assembly to provide for the trial of recused cases (article 112), and Act No. 185, p. 430, of 1898, amending and re-enacting section 3, Act No. 40, p. 39, of 1880, provides:

"That, in cases in which a district judge shall be recused for cause of interest, he shall, for the trial thereof, appoint some district judge of an adjoining district, or, on the application of the party or parties to such cases whose interest is opposed to that of the district judge, recused for cause of interest, shall appoint a lawyer having the qualifications of a judge of the district court in which the recused case is pending. The order of court making the appointment shall be entered on the minutes thereof, and it shall be the duty of the clerk of said court to make out a certified copy of the order, from the minutes, under seal of the court, and forward the same, immediately, to the sheriff of the parish or residence of the judge, or law-

yer, so appointed, or of the parish where the judge may be at the time, to be by him, the sheriff, served on said judge or lawyer."

It has been decided by this court that, after a judge has been recused—that is, after due legal effect has been given to the cause for which he should be recused—he is devested of jurisdiction and can make no order in the "recused" case. State v. Foster, 112 La. 537, 36 South. 554. From which it follows that the appointment of the judge ad hoc must precede, or rather must be coincident with, the recusation.

It has also been decided by this court that an attorney at law cannot be compelled to accept an appointment as judge ad hoc to try a recused case, nor to proceed with the trial after he has accepted such appointment. State ex rel. Cocq v. Chargois, 30 La. Ann. 1103; State ex rel. Fuqua v. Brame, 29 La. Ann. 816. And we are clearly of the opinion that the word "appoint," as used in the statute, means not only that there shall be a tender or order of appointment, but that such tender or order shall be made to, or with reference to, some one who is willing, or who is obliged by law, to accept and act under such appointment. Thus, if an order is made appointing a lawyer, and he declines to accept and act under the order, there is no appointment. As a rule, no doubt, where a judge, who is recusable for interest, makes an order appointing the judge of an adjoining district to try the recused case, the order operates as an effective appointment, because the appointee is compelled by law to accept and act. But the rule is not without its exception, for the order would necessarily be inoperative, and the appointment without effect, if the appointee should happen to have died before they were made or attempted to be made. And the same would be true, as we take it, if there should be any valid reason which would authorize the appointee to refuse to accept and act under the order of appointment, as if he himself were interested in the case, or were so disabled, mentally or physically, as to be incapable of acting in any case. Applying these conclusions to the case at bar, we find that the Constitution requires that the district courts throughout the state (save where exceptions are provided) shall hold continuous sessions for 10 months in the year (article 117), which plainly contemplates that during 2 months of the year the judges may enjoy a vacation. Whether it is necessary for that purpose that they should obtain leave of absence from the Governor is a matter that need not·be here inquired into. Judge Brunot, who was named in the first order of appointment made by Judge Claiborne, had chosen to take a vacation of 30 days, and, conforming to a custom which prevails, had obtained a formal leave of absence from the Governor, which he had caused to be placed of record in his court. He was at that time, therefore, under no obligation to discharge any of the functions of his office, nor did it matter that he was still in the parish when notified of the order, since a judge who is unable, or unwilling, or is not ready, to expend money in traveling, is not thereby deprived of his constitutional right to rest, and, as the order related to a case which required immediate action, he pursued the proper course in declining to accept the appointment tendered by it; in other words, not being then a judge in his discharge of the functions of his office, he was not a judge within the contemplation of the statute, and hence was not under the obligation, imposed by the statute upon such judges, to accept and act under such appointment. The order of Judge Claiborne never, therefore, became effective as an appointment, and his jurisdiction to appoint a judge, for the purposes of the case in which he was to be recused upon the making of such appointment, was not thereby devested, and was properly exercised. in the appointment of Judge Golson. It is said that the order ap-

pointing Judge Golson should have been made in open court. The law does not, however, so require. It was part of the order itself that it should be entered upon the minutes of the court, and we do not understand it to be contended that it was not so entered. The case would, perhaps, be different where the judge resists an application for his recusation and there is a trial of the question before another judge.

The preliminary orders herein made are therefore rescinded, and this application is dismissed, at the cost of the relators.

Petition for Additional Writ of Prohibition.

BREAUX, C. J. Petitioners complain of the order of the court to whom is assigned the duty of trying the case between the two contestants for the office of judge of the Twenty-First judicial district court fixing the case to be tried on the 7th instant.

The contention of the petitioners is that the fixing of the case for trial is premature; that the decision in the case handed down at chambers on the 2d day of October, 1908, is not final, and will not be final before the 17th day of October, 1908.

The contention, further, is that the decree rendered is a judgment, and comes within the provisions of the recent Act No. 104 of 1908, which renders the judgment of this court final and executory on the fifteenth day after it has been handed down.

They cite decisions as sustaining their view.

At the outset we will state that, if all interlocutory decrees which may be brought up before the superior court are to be given the delay for which application is made here, then another chapter will be added to the "law's delay."

The rule of this court numbered 12 (28 South. iv) does not seem to admit of that delay, for it provides "when a writ of review," or mandamus, or certiorari, or other remedial writ, has been applied for, and considered and denied by the court, the same shall be final, and no application for a rehearing will be entertained.

As there is no application for rehearing before us, we cite the rule only in so far as relates to the finality of the decision. To quote the words relating to the judgment which may be rendered at this point, it "shall be final."

We will state at this time that we are not concerned with other remedial writs. We confine our examination exclusively to the writ of prohibition. As to it, if there is no special phrasing of the law applying, we will at once admit that the decisions cited present the very strongest ground in favor of the contention for delay. But there is provision applying to the writ of prohibition which has heretofore (in the remote past) been held as controlling. Under the title "writ of prohibition" the following is part of the text:

"After the return of the judge ordered to make a return has answered, the superior court issuing the order shall pronounce *finally* and *summarily* on the right of jurisdiction. Code Prac. art. 851." State ex rel. Gausson v. Judge, 21 La. Ann. 50.

If 15 days' delay (urged by applicants) is to follow, then *"summarily"* in the cited article of the Code of Practice has little meaning.

But, in addition that article directs the superior court to pronounce *"finally"* on the right of jurisdiction.

"Finally" has a meaning to which we think some effect should be given. The definitions of the word "final" and "finality" pertain to the conclusion and the end.

"Finality" is as clear in meaning as "final." Both are derived from "finis," Latin, denoting the end.

The Century Dictionary gives a clear definition:

"Precluding further controversy on the question passed upon, as the statute declaring that the decision of a specified court shall be final" in that court.

The law dictionaries have given some attention to the subject. They define "finality" and "final" as indicating "the end with respect to the suit." Bouvier; Black. True, a different view was expressed in the Gerson Case, 37 La. Ann. 261; but this was in a mandamus case, not a case in which the question of jurisdiction was involved—not an application for a writ of prohibition.

In the case before us, after having attentively considered the article of the Code of Practice, we have not reached the conclusion that in proceeding for a writ of prohibition effect should be given to expressions that are obiter dicta to the extent of overruling prior decisions upon the subject—expressions not necessary to a decision of the case.

The question came up directly, and was directly passed upon, in State ex rel. Gausson, Executrix, v. Judge, 21 La. Ann. 43, cited supra, as stated in the syllabus regarding the nature of the action:

"The Supreme Court will, on application for a prohibition, inquire into the sufficiency of the appeal bond to entitle the appellant to a suspensive appeal."

There was an application made in that case for a rehearing. The court said:

"We refuse to entertain the application for a rehearing in this case, because article 851 of the Code of Practice declares that the court shall pronounce finally and summarily on the right of jurisdiction. There is no delay necessary to make the order final."

The utterances and decree in the last case cited cannot be held overruled in a mandamus case. The provision is exclusively in article 851, and relates to the writ of prohibition. Our research has not resulted in our finding a prohibition case in which it was held that the article did not have the bearing stated in the last cited decision. We have not overlooked Regan v. Washburn, 39 La. Ann. 1071, 3 South. 178, in a suit for damages for the wrongful ejectment of a tenant. The application for a certiorari on the ground of illegality in the proceedings was disposed of in that case—had nothing to do with prohibition.

Our learned predecessors in that case held:

"That it is a final judgment has been determined."

We do not wish to express our view in regard to the finality of judgment in matter of other writs than prohibition. We are of the opinion that the judgment does not admit of further delay. It becomes executory immediately after its rendition. In the Newman Case, 32 La. Ann. 210, the court said that in the absence of positive provision of law it would be without authority for treating a final judgment rendered in a mandamus proceeding differently from other final judgment.

We are of the opinion that the cited article of the Code of Practice above contains in effect a positive provision—a command—that a judgment in a proceeding for a writ of prohibition shall be given the effect of "finality" and that the proceedings shall be summary. There is nothing to the contrary to the conclusion at which we have arrived in the Jumel Case, Manning's Unrep. Cas. 225.

The application for a rehearing lies, said the court in that case in a suit for a mandamus; but the court foreshadowed an exception. The rule under which judgments are held final, said the court, applied, when it became necessary to set the court in motion and compel them to act. We can only say that such is the purpose of the decision in the suit before us, and under the rule as just interpreted the judgment becomes final, which permits the court to act. The court adds, in the cited case:

"But it is evident that the rule does not apply to a peremptory order addressed to a public officer commanding the payment of public funds."

Presenting issues different from those involved in the present application.

We adhere to the decision in 21 La. Ann. 43, cited above, which has not been overruled in any case brought for a writ of prohibition.

As relates to the broad view of the applicants that the judgment as such falls within the cited statute, we can only say in answer that it would, were it not for the positive declaration of Code Prac. art. 851, before stated.

And, finally, we will state that under the spirit of the laws relating to primary elections we are not inclined to the view that the delay applied for can possibly be granted.

For reasons stated, the application before mentioned is not granted, and the court declines to issue an order commanding, ordering, or prohibiting the Honorable Joseph L. Golson, judge of the Twenty-Fourth judicial district court, from proceeding further in the case.

Applicants' petition is refused and dismissed, at their costs.