PROVOSTY, J.
At the recent primary' election the defendant was a candidate to succeed himself as judge of the Thirteenth judicial district, and plaintiff was his competitor. Defendant was returned elected, and plaintiff filed the present suit to contest the election.
The statute making provision for the contesting of elections in court provides as follows:
“Any candidate for a nomination for any office who shall claim to have been nominated, and shall desire to contest the election, shall present a petition to the judge of the district court of the parish in which the capital of the state is situated, if the office be that of the Governor, Lieutenant Governor,” etc., “or if it be a municipal, parochial or district office, then to the district court of the parish in which the eontestee resides, which petition shall set forth specifically and in detail the grounds on which the contest is based and the irregularities or frauds of which complaint is made; that thereupon the judge of said court or in his absence the clerk of said court shall issue an order directing the eontestee to answer the petition within five days from service upon him of a certified copy of the petition and order. No contest shall be entertained unless brought within two days after the official promulgation of the result of the election.”
[1] The result of the election was proclaimed on the 7th. Plaintiff’s petition and the order to defendant to answer it were served on defendant on the 9th. But the order had been signed by the clerk, who had been without authority to do so, since the statute gives the clerk authority to issue such orders only in the absence of the judge, and, in the present case, the judge, namely, the defendant himself, had not been absent. On the 13th, defendant filed a document in which he stated that no valid order had been served on him, or, in fact, any proceedings had such as were sufficient to bring him into court, and that he reserved his right so to contend, but that he would treat the papers served upon him as an application to him to recuse himself, and to appoint, as required by law, a judge of an adjoining judicial district to act in his place.
Judge Riley J. Wilson, whom he appointed, refused to act. The record does not inform us for what reason. Thereupon, at the. request of plaintiff, defendant appointed Judge W. M. Wallace, of another adjoining district.
Defendant then filed an exception to the jurisdiction of the court, on the ground that no valid order had been made directing him to answer the petition of plaintiff, and that the delay had expired within which such an order might be validly made.
Judge Wallace sustained the exception, to the extent of holding the, clerk’s order invalid, but otherwise overruled it, and made an order directing defendant to answer the petition.
Thereupon the, defendant filed an Application to this court for a writ of prohibition, forbidding Judge Wallace to proceed any further in the case, which is the matter now to be considered.
[2] In the brief, for the first time, objection is made to the jurisdiction of Judge Wallace on the additional grounds that, by *461 appointing Judge Wilson, defendant exhausted his power to appoint another judge, and that therefore Judge Wallace has never been legally appointed to try the case.
This ground is without merit for two reasons, among others. One is that, for all that appears, Judge Wilson may have had a perfectly valid reason for not acting, in which case, his appointment would stand as if never made (State ex rel. Le Blanc v. Democratic Committee, 122 La. 83, 47 South. 405); and the presumption is that he did have a valid reason. Another is that the trial before Judge. Wallace was by consent, and that defendant cannot be allowed to take the chance of a favorable judgment, and then, when the judgment proves the other way, recuse, the judge.
[3] The question of whether the delay had expired for making a valid order to defendant to answer the petition depends upon the proper interpretation to be placed upon the above transcribed statute — upon whether, by the term “contest brought,” this statute means merely the filing of the petition of contest, or also the obtaining and the serving upon the. defendant of an order to answer the petition.
Decisions are cited pro and eon as to the proper legal definition of the word “brought,” as applied to a suit or contest, all of which are taken from Words and Phrases, vo. “Brought,” vol. 1, p. 875 et seq. We imagine a safer way to get at the intention of the Legislature in this matter is to read carefully the statute itself.
We do not find that it requires a candidate, who desires to contest an election to do more than present a petition-to the court, setting forth specifically and in detail the grounds on which the contest is based. The duty of issuing the order to answer the petition is expressly imposed upon the judge, or, in his absence, upon the clerk. Nor do we find that any delay is fixed in the statute within which this order must be issued.
The statute in question is section 25 of Act 198 of 1912, amending the section of same number of Act 49 of 1906, which reads as follows:
“Any candidate, feeling aggrieved by the decision of the committee, shall have the right to have the same reviewed by a court of competent jurisdiction, * * * provided * * * shall, within twenty-four hours after the decision of the committee, apply to said court, which shall issue,” etc.
In the cases of Vial v. Elfer, 120 La. 673, 45 South. 545, and Triche v. Labiche, 120 La. 681, 45 South. 548, this court had occasion to construe the latter statute in the present connection, and said:
“All that was needed to interrupt the prescription of twenty-four hours, established by the statute, was that the plaintiff should apply to the court for the relief sought by him, and he so applied. Beyond that the matter rested with the court, and as it would not have been within plaintiff’s control, even had the judge been present, plaintiff cannot be made to suffer because of the failure of the judge to act, whether on account of the absence of the judge or for any other reason.”
There is no substantial difference between these two statutes in the present connection. These decisions are therefore apposite and conclusive.
As the learned respondent judge well suggests in his return to the rule nisi, a contestant might lose his rights as the result of his inability to obtain the order from the judge within two days, if the construction contended for by defendant were correct.
The rule nisi is therefore recalled, and the application of relator is denied, at his cost.