His Honor, EMILE G-ODCHAUX,
rendered the opinion and decree of the Court, as follows:
*440 This primary election contest, arising under Act 198 of 1912, was dismissed by trial 'Court on the plea of prescription of two days prescribed by Section.6 of said act (p. 390).
The result of the election was promulgated on a Saturday and the suit was filed on the following Tuesday, that is, more than two calendar days thereafter; while the order summoning the defendant was not signed by the Judge until Wednesday, nor served on the defendant until Thursday.
The suit was seasonably brought if the petition was filed within the two days prescribed. It is not required that the Judge sign the order of summons, nor that said summons be served with said delay. Any other construction would in most cases be destructive of the right to contest granted by the statute.
Vial v. Elfer, 120 La., 673, 680.
Thornhill vs. Ware, 131 La., 458.
The, case of Ficklin vs. New River Drainage District, 133 La., 203, which is cited to the contrary, interprets a statute upon a different subject from the case at bar, and. the interpretation there given leads to no unreasonable consequences.
While the suit was not filed until more than two calendar days had elapsed, it was still in time, since where the delay allowed is less than a week, Sundays are always excluded from the computation.
State vs. Michel, 52 An.,. 493.
Fellman vs. Ins. Co., 116 La., 732.
Johnson vs. Murphy, 124 La., 143.
It is therefore ordered that the judgment appealed-from be reversed, that the plea of prescription be over *441 ruled and the case remanded to the trial Court to be proceeded with according to law.
Opinion and decree, April 7th, 1916.
Rehearing refused, April 7th, 1916.
Writ denied, April 14th, 1916.
Reversed and remanded.