O’NIELL, J.
The object or purpose of this suit is to prevent the municipality from entering into any contract with regard to street railway franchises beyond what the state alleges is the limit of the municipal authority.
For the causes alleged in the petition to the civil district court, the state prayed for a preliminary injunction, thus:
“Enjoining and prohibiting said defendants from adopting any ordinance- or resolution or- *791 entering directly or indirectly into any contract or agreement whatsoever reforming- or changing any one of the existing franchise contracts' under which any one of the public streets or highways of the city of New Orleans is now occupied and used for street railway purposes; from adopting any ordinance or resolution or directly or indirectly consenting or agreeing to by ordinance, resolution, or other-wise, any increasing, directly or indirectly, of the fare of 5 cents for street railway service stipulated in existing franchise contracts; from adopting any ordinance or resolution or making any contract or agreement whatsoever, directly or indirectly, by ordinance, resolution, or otherwise, whereby any company, person or association of persons is given the privilege and right to earn any stipulated return on any stipulated valuation or other basis; and from adopting any ordinance or resolution or making any contract or agreement, or consenting thereto, directly or indirectly, by any ordinance, resolution, or otherwise, granting any franchise tb any company, person or association of persons, to occupy and use the streets and public highways of the city of New Orleans or any one of them for street railway purposes without selling said proposed franchise at public auction to the highest bidder or bidders after due advertisement, as required by law.”
The petition was filed late in the afternoon. The .judge to whom it was presented issued a rule directing the defendants mayor and members of the commission council to show cause why the writ of injunction should not issue. At the same time the judge issued a so-called “temporary restraining order,” viz. “that, pending the hearing of this rule, said defendants are hereby restrained and prohibited as prayed for.” The rule was made returnable on the sixth day after the date of the order.
Defendants filed and presented to the judge who had issued the rule a petition for asuspensive appeal from the order. They alleged that they were aggrieved by the order and that it was contrary to law, and would cause them irreparable injury. The manifest purpose of asking for a suspensive appeal was to suspend the effect of the so-called restraining order. The judge refused to grant the appeal.
On the same evening, the defendants mayor and commissioners applied to this court for a writ of prohibition, to annul the “restraining order and temporary injunction,” and to prohibit the judge who had issued the order, or any other judge of the civil district court, from executing the order or carrying it into effect, or from proceeding further in the case. Relators made the following allegations in support of their demand for immediate relief, viz.:
“That they have under consideration and discussion the-street railway problem now confronting the people of the city of New Orleans; that conferences haye been arranged with representatives of all business and civil exchanges, with the citizens’ committee of forty appointed by Hon. Rufus E. Foster, judge of the United States District Oourt for the Eastern District of Louisiana, and with numerous other organizations and bodies; that conditions at the present time are very grave and demand immediate action; that it is urgently necessary and indispensable that petitioners be permitted to act in accordance with the powers conferred upon them by law for the purpose, if possible, of bringing these matters to a settlement, and that unlawful interference from any source should be prohibited.”
A rule was issued directing the judge who had issued the restraining order to show cause why the execution or enforcement of his order should not be restrained and prohibited. In the meantime, further proceedings in the civil district court were ordered stayed.
In answer to the rule, the respondent judge and the state, through the Attorney General, pray that the order of this court should be recalled and rescinded, for the following reasons, stated substantially, viz.:
First. That the relators have an adequate remedy by an appeal from any order or decree that the civil district court may eventually render in the case.
Second. That the relators did not, in the civil district court, plead to the jurisdiction *793 of the court, or move to have the order of that court rescinded, and did not except to the i>roceedings in any way.
Third. That the civil district court had jurisdiction of the ease, and that the judge did not exceed his jurisdiction.
[1,2] We doubt that the relators’ right to an appeal, from any order or decree that the judge of the civil district court might finally render in this case, would be an adequate remedy if the civil district court had not jurisdiction. An appeal from an order granting an injunction merely maintains the status quo, and therefore does not stay the execution or effect of the order. The judge who issued the restraining order had the power to rescind it; and, if consistent, he would not have granted a suspensive appeal from an order rescinding it, so as to keep the original order in force or effect. See Meine v. City of New Orleans (No. 24874) ante, p. 640, 89 South. 882, decided on October 31, 1921.
[3,4] It is well settled, however, that this court will not issue a writ to a court of inferior jurisdiction, prohibiting further proceedings in a case, for alleged want of jurisdiction, until a plea to the jurisdiction has been presented to and overruled by that court; and, even then, the supervisory jurisdiction of this court will not be exercised if the complainant has an adequate remedy by appeal. State ex rel. Larieux v. Judge, 29 La. Ann. 806; State ex rel. Follet v. Rightor, Judge, 32 La. Ann. 1182; State ex rel. Hernandez v. Monroe, Judge, 33 La. Ann. 923; State ex rel. Morgan’s La. & Texas R. R. & S. S. Co. v. Judges, 37 La. Ann. 845; State ex rel. Girardy v. Steele, 38 La. Ann. 569; State ex rel. Shakespeare, Mayor, v. Judge, 40 La. Ann. 607, 4 South. 485; State ex rel. Le Blanc & Richard v. Justice of the Peace. 41 La. Ann. 908, 6 South. 807; State ex rel. Baker v. Judge, 43 La. Ann. 1119, 10 South. 179; State ex rel. Le Blanc v. Twenty-First Judicial District Democratic Committee, 122 La. 83, 47 South. 405. The rule, stated generally, is that a complainant should, before invoking ;the supervisory jurisdiction of this court over a court of inferior jurisdiction,' exhaust his remedies for relief in that court. State v. Clark, 143 La. 481, 78 South. 742.
The petition for an appeal, which the relators in this case presented to the judge of the civil district court, did not, in any sense, challenge the original jurisdiction of that court, or suggest that the court should itself revoke or rescind the order complained of. The restraining order ^was intended to serve only until the court should decide whether to issue the writ of injunction. We assume that, if the defendants, relators, by pleading or answering to the rule, had shown a good cause why a writ of injunction should not issue, the judge would not have issued it; in which event he would then have' rescinded his restraining order. On the other hand, if the defendants could not show a good cause why the writ of injunction should not issue, they are not entitled to relief at the hands of this court. .
[5] There is no provision in the Code of Practice for the issuance of a so-called restraining order, without bond, pending a rule to show cause why a writ of injunction should not issue. A restraining order is, in effect, an injunction, and it should not be issued without bond if the plaintiff is not entitled to an injunction without bond. State ex rel. Behan v. Judge, 32 La. Ann. 1277; Meine v. City of New Orleans, No. 24,874. But the lack of authority in such case is hot because of a want of jurisdiction of the case. In that connection, it must be borne in mind that the state is plaintiff in this suit. The state is not required to give bond in any judicial proceeding. Therefore, if the judge of the civil district court had issued a preliminary injunction'without bond, instead of issuing what is called a temporary *795 restraining order, there would be no doubt of his having had authority or jurisdiction to issue the order. In that resiiect this case must be distinguished from the cases of State ex rel. Behan v. Judge, and Meine v. City of New Orleans, supra. In each of those cases, the plaintiff was not entitled to a preliminary injunction without giving bond, even if the allegations of the petition were true; and, of course, the judge’s granting of a “temporary restraining order,” instead of calling it an injunction, did not alter the case.
[6] Relators cite and rely upon the decision in State ex rel. Behan, Mayor, v. Judges of the Civil District Court, 35 La. Ann. 1075, in support of their argument that a plea to the jurisdiction of the civil district court, or a motion to dissolve or rescind the preliminary restraining order, was not. a necessary prerequisite to their right to apply to this court for a writ of prohibition. That question was not discussed and in fact it does not appear to have been presented, in the case cited. One of the judges of the civil district court at the instance of the city treasurer had issued a preliminary injunction preventing the city council from organizing as a court of impeachment for the trikl of the city treasurer on charges of gross neglect of duty. In the absence of the judge who had issued the writ another judge of the civil district court at the instance of the mayor and councilmen granted a suspensive appeal from the order granting the injunction.. Thereafter, the judge who had granted the injunction rescinded the order of appeal. The mayor and councilmen then prayed for, and were denied, a suspensive appeal from the order rescinding the original order of appeal. Thereupon, they applied to this court for a writ of prohibition, which was granted and, after hearing, was made perpetual. The basis of the ruling was that the civil district court had not jurisdiction of the case. It is true, as far as the record shows, the defendants did not, in the civil district court, plead to the jurisdiction, or move to dissolve the writ of injunction. But, as we have said, that omission was not urged in defense of the proceedings for prohibition, and was therefore not considered by the court. Besides, the relators in that case could not have obtained immediate relief by a idea to the jurisdiction of the civil district court, or by a motion to dissolve the writ of injunction, because, if the civil district court had dissolved the writ, for want of jurisdiction or for any other reason, the plaintiff in the injunction suit might have obtained a suspensive axipeal, which would have maintained the injunction in force and effect pending the appeal. In the present case, we assume that, if the judge of the civil district court had eventually refused to issue the writ of injunction, and had therefore recalled and rescinded his temporary restraining order, he would not have granted an appeal that would have maintained the restraining order in force pending the appeal. See Meine v. City of New Orleans, supra. For the reasons stated, the decision in State ex rel. Behan, Mayor, v. Judges, 35 La. Ann. 1075, cannot be regarded as a denial of the proposition that an applicant for writs of prohibition, to prevent a court of inferior jurisdiction from proceeding in a case in which it is alleged that the court lias not jurisdiction, must first exhaust his means of relief at the hands of that court.
[7] The civil district court surely had original jurisdiction of the question whether it had jurisdiction of the merits of this suit. Relators’ contention that the court has not jurisdiction seems to rest upon the idea that the object and purpose of the suit, and the function of the temporary restraining order, was to interfere, generally, with the legislative power and functions of the municipal *797 council. On the contrary, an analysis of the prayer for injunction, which we have quoted, shows that the true and only object or purpose was to prevent the municipal council from contracting, with regard to the street railway franchises, beyond what the state alleges is the limit of municipal authority. We must bear in mind that the state is the author of the municipality’s authority to make such contracts. If the civil district court should eventually decide that the state is not entitled to the relief prayed for, it will be, perhaps, not for want of jurisdiction over the subject-matter, but for want of a cause of right of action. If the civil district court should conclude that the contemplated proceedings of the municipal council, of which the state complains, are matters over which the municipal council, as a legislative body, has exclusive authority, the court will not interfere. But the judgment of the court in determining whether the proceedings contemplated by the municipal council are matters over which the council has exclusive authority would be an exercise of jurisdiction on the part of the court. As was said in Ricaud v. American Metal Co., 246 U. S. 304, 38 Sup. Ct. 312, 62 L. Ed. 733:
“To accept a ruling authority and decide accordingly is not a surrender or abandonment of jurisdiction, but is an exercise of it.”
[8] The allegations of relators, that, at the time when this suit was filed, they had the railways problem under consideration and discussion, and had arranged for conferences with the committees and organizations mentioned in the petition, and that relators should therefore “be permitted to act in accordance with the powers conferred upon them by law, for the purpose, if possible, of bringing these matters to a settlement, and that unlawful interference from any source should be prohibited,” are altogether beyond the question. This suit was not an attempt at unlawful interference with the right of the municipal council to act in accordance with the powers conferred upon the council to bring the railways problem to a settlement, if possible, and, to that end, to hold conferences with the committees and organizations referred to. The restraining order complained of, or the injunction prayed for, could not have prevented or interfered with such conferences or proceedings, so long as they did not result in a contract beyond what the state alleged was the limit of the commissioners’ authority. Relators do not allege that they intended to enter into such a contract, much less that their doing so was so urgent 'that they could not spare the time to plead to the jurisdiction of the civil district court, or to move for a dissolution or rescission of the temporary restraining order.
The alternative writ of prohibition issued herein and the rule to show cause why the writ should not be made perpetual are now recalled, and the relief prayed for by relators is denied.
MONROE, C. J., takes no part.
OVERTON, J., dissents.