(72 South. 996)

No. 22240.

CITY OF GRETNA et al. v. BAILEY, Secretary of State, et al.

In re STATE ex rel. BAILEY, Secretary of State, et al.

(Nov. 13, 1916.)

*(Syllabus by Editorial Staff.)*

1. CERTIORARI ⚙═5(1)—APPEALABLE CASES.

Certiorari does not issue in appealable cases, except where the trial court is without jurisdiction.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 5; Dec. Dig. ⚙═5(1).]

2. PROHIBITION ⚙═3(2)—APPEALABLE CASES.

Prohibition does not issue in appealable cases, except where the trial court is without jurisdiction.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 5, 6; Dec. Dig. ⚙═3(2).]

3. APPEAL AND ERROR ⚙═100(1)—DECISIONS REVIEWABLE.

Judgment granting mayor and council of the city of Gretna injunction restraining the secretary of state and the state auditor from tabulating the returns and promulgating the result of an election under Acts 1916, No. 2, seeking to substitute a new charter for the city, is appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 670–674; Dec. Dig. ⚙═ 100(1).]

4. ELECTIONS ⚙═275 — CONTESTS — JURISDICTION OF COURTS OF LAW.

The ordinary jurisdiction of courts of law does not extend to the trial of contested election cases.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 250–256; Dec. Dig. ⚙═275.]

5. INJUNCTION ⚙═110 — STATE OFFICERS — CHARTER ELECTION.

The trial court had jurisdiction of a suit brought against the secretary of state and the state auditor by the mayor and councilmen of the city of Gretna to enjoin defendants from tabulating the returns and promulgating the result of an election held in the city under Acts 1916, No. 2, seeking to abrogate its old and substitute a new charter, alleged to be unconstitutional; the tabulation and publication of the returns being a mere ministerial function and injunction being the proper remedy to restrain an officer from acting under an unconstitutional statute.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 188–194; Dec. Dig. ⚙═110.]

6. INJUNCTION ⚙═111—VENUE OF SUIT.

A suit by the mayor and council of the city of Gretna to restrain the secretary of state and the state auditor from tabulating returns and promulgating results of an election under Acts 1916, No. 2, seeking to substitute a new charter for the city, was properly brought at the seat of the state government, and not in the parish where the election took place.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 195, 196; Dec. Dig. ⚙═111.]

7. INJUNCTION ⚙═110 — JURISDICTION — FUTILE CHARACTER OF SUIT.

The objection that neither Acts 1916, No. 2, seeking to substitute a new charter for the city of Gretna, nor any other law, requires tabulation of returns and promulgation of results by the secretary of state and state auditor, does not go to the jurisdiction of the court to entertain suit by the mayor and councilmen of the city to enjoin such acts.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 188–194; Dec. Dig. ⚙═110.]

8. INJUNCTION ⚙═114(3) — PARTIES DEFENDANT.

The proper parties defendant in suit by the mayor and councilmen of the city of Gretna to restrain tabulation of returns and promulgation of result of election held under Acts 1916, No. 2, seeking to substitute a new charter for the city, were the secretary of state and state auditor, the parties who, except for the suit, would do the acts.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 211–218; Dec. Dig. ⚙═114(3).]

**9. INJUNCTION ⊜⟶112—PREMATURITY OF SUIT—JURISDICTION.**

The prematurity of an injunction suit to restrain state officers from tabulating the returns and promulgating the result of an election has nothing to do with the jurisdiction of the court before which it is brought.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 197; Dec. Dig. ⊜⟶112.]

**10. ELECTIONS ⊜⟶279—CONTEST—PARTIES DEFENDANT.**

Suit to contest an election must be brought, like all other suits, against the party or parties in interest.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 263; Dec. Dig. ⊜⟶279.]

Suit by the City of Gretna and others against James J. Bailey, Secretary of State, and another, wherein, after injunction was granted, defendants applied for writs of certiorari and prohibition. Application dismissed.

L. E. Hall, of Baton Rouge, and Paul A. Sompayrac, of New Orleans, for plaintiffs. A. V. Coco, Atty. Gen. (C. A. Buchler, of New Orleans, of counsel), for defendants.

PROVOSTY, J. The present charter of the city of Gretna, in the parish of Jefferson, is sought to be abrogated, and a new charter substituted to it, by Act 2, p. 4, of 1916. Section 41 of this act reads:

"This act shall not become operative in any respect unless it is approved by a majority of the qualified [voters] of the city of Gretna, voting at a special election held for that purpose under the general election laws of this state, which special election shall be held and conducted under the supervision of the board of supervisors of election, on the third Tuesday in September, 1916."

This election was held, and the returns transmitted to the secretary of state, as is required by the general election law to be done in ordinary elections.

Thereupon the mayor and councilmen of Gretna holding office under the existing charter, and certain citizens of Gretna, filed suit at the seat of the state government, in the parish of East Baton Rouge, asking for an injunction against the secretary of state and the state auditor to prevent them from tabulating said returns and promulgating the result, and praying further that said election be annulled.

The grounds of the suit are that said statute is unconstitutional, and that said election was irregularly held.

A rule nisi issued to said officers to show cause why said injunction should not be granted; and, after hearing on this rule, the injunction was granted. The said officers then filed in this court the present application for the writs of certiorari and prohibition.

[1-3] As a general rule these writs do not issue in appealable cases, and the present case is appealable. An exception to that rule is recognized, however, in cases where the trial court is without jurisdiction. Iberia R. R. v. Morgan R. R., 129 La. 492, 56 South. 417. We can inquire, therefore, on the present application, into the question of jurisdiction.

But our inquiry must be limited to that question, so that the pleas of prematurity, nonjoinder of parties defendant, want of authority in plaintiffs to institute and prosecute said suit, and no cause of action, which were filed below, and are again urged here, have no place in the discussion. They go to the merits, and not to the question of jurisdiction.

[4] On the question of jurisdiction, it is very properly said that the ordinary jurisdiction of courts of law does not extend to the trial of contested election cases. In so far, therefore, as the said suit might have for its object the contesting of said election, we should have to hold that the said court has no jurisdiction of it, for no law has been pointed out to us conferring such jurisdiction, and we know of none.

[5] But it is not so clear that the said suit has in reality any such object. At any rate, its main object is different. It is to prevent

said state officers from doing a thing which they are alleged to be unauthorized to do, and the doing of which, it is alleged, will be injurious to the plaintiffs.

In this phase of it, the suit is wholly and exclusively against those state officers, and against nobody else; and it is against them in their official capacity exclusively. Such being the case, we do not see why it should not have been brought against them alone, and in the court having jurisdiction of suits brought against them in their official capacity, as the court of East Baton Rouge is recognized to be.

The tabulation and publication of these returns is unquestionably a mere ministerial function, and on the broad question of whether injunction will issue to a state officer in the matter of a purely ministerial function, see, affirmatively, Board of Liquidation v. McComb, 92 U. S. 531, 23 L. Ed. 623.

That injunction is the proper remedy to restrain an officer from acting under an unconstitutional statute, see 22 Cyc. 884; Ellingham v. Dye, 178 Ind. 336, 99 N. E. 1, 37 Ann. Cas. 1915C, 200.

In a word, on the allegations that the said enjoined acts are unauthorized, because of the unconstitutionality of said statute, and that these acts, if done, will, or may, injure the plaintiffs, we think a case is presented of which the trial court has jurisdiction. Whether the absolute nullity of said election for any other cause than the unconstitutionality of the statute under which it was held might not also be a good ground is a question which it is needless now to examine.

In so far as thus enjoining these unauthorized acts, the suit is not the contest of an election, but is just such a case as was presented in Forsythe v. Judge, 42 La. Ann. 1104, 8 South. 305, reviewed approvingly in Dubuisson v. Board, 123 La. 443, 49 South. 15, and there differentiated from a case of contested election.

The pleas of prematurity, want of proper parties defendant, want of authority in plaintiffs to bring the suit, and no cause of action, which are said above to have no place in the present discussion, because going to the merits, and not to the jurisdiction, are sought to be made capital of as follows: It is said:

[6] (a) That, the election having taken place in Jefferson parish, the suit should have been brought there.

How a suit against these state officers, who neither individually nor officially reside in Jefferson parish, could have been brought in that parish, is not explained.

[7] (b) That neither said Act 2 of 1916, nor any other law, requires the said tabulation and promulgation by said state officers; but that the said Act 2 became fully operative when, by the compilation made by the Jefferson parish board of supervisors of election of the votes cast at said election, it was officially ascertained that a majority of said votes had been in favor of said act.

The conclusion from this would be that the tabulation and publication by said state officers was unauthorized, or, in other words, none of their business, and, therefore, would be useless trouble, a pure waste of time. If so, these officers ought to be very glad to have this injunction save them from the trouble and waste of time of meddling with something which does not concern them; and, at all events, it only shows that the suit is a futile one, not that the court does not have jurisdiction of it.

[8] (c) That the proper parties against whom to have brought suit for contesting the said election would have been the board of election supervisors of the parish of Jefferson, under whose auspices said election was held.

The proper party against whom to bring a suit to prevent the doing of an injurious act is the person who, except for the suit, would do the act. Perhaps the plaintiffs might have enjoined this board of supervis-

ors from acting just as they are now enjoining these state officers from acting; but it does not follow from this that, in order to prevent these state officers from acting, the suit should have been brought against said board of supervisors of the parish of Jefferson.

[9] (d) That the suit is premature.

But plainly the prematurity of a suit has nothing to do with the jurisdiction of the court before which the suit is brought.

(e) The point under this heading is as to the courts of ordinary jurisdiction having no authority to try contested election cases. It was disposed of above.

(f) That the plaintiffs are attacking the said election, and therefore the suit should have been brought in Jefferson parish, where the election was held.

This would seem to be a repetition of the objection made under subdivision (a) above.

[10] (g) That this suit contesting said election should have been brought against the voters of Gretna, who are the real and only parties in interest.

A suit for contesting an election must unquestionably be brought, like all other suits, against the party or parties in interest; but how the present suit to prevent these state officers from tabulating and promulgating these returns could have been brought against the voters of Gretna we cannot imagine.

The application is dismissed, at the cost of the relators.