(102 So. 498)

No. 26918.

## DALGARN v. NEW ORLEANS LAND CO.

(Dec. 1, 1924. Rehearing Denied Jan. 5, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Prohibition** ⬉26—**Rule stated as to effect of statement of respondent judge, when conflicting with allegations of relator's petition.**

Where allegations of petition, seeking to restrain judge from trying pending cases, conflict with sworn return of respondent judge, statement of judge will be accepted as true, in absence of clear and positive proof of error.

2. **Prohibition** ⬉5(1)—**Prohibition to restrain trial of suit on ground that same issue is involved in suit pending in Supreme Court held unwarranted.**

Where trial court has jurisdiction of suit pending, prohibition to restrain trial thereof will not issue on sole ground that possible reversal of case then pending in Supreme Court would render moot question involved in trial court, particularly where respondent judge's return denies that issue in suit before him will be settled by Supreme Court's determination of suit before it.

3. **Prohibition** ⬉3(2) — **Except where trial court without jurisdiction, prohibition will not issue in appealable cases.**

Except in cases where trial court is without jurisdiction, prohibition will not issue in appealable cases.

4. **Prohibition** ⬉17—**Will not issue on ground of want of jurisdiction until plea to jurisdiction has been overruled by lower court.**

Prohibition will not issue to restrain proceedings in inferior court for want of jurisdiction until plea to jurisdiction has been presented and overruled by that court.

Application by the New Orleans Land Company for writ of prohibition restraining Samuel A. Le Blanc, Judge of Civil District Court, from proceeding to try consolidated suits between L. M. Dalgarn and the New Orleans Land Company. Rule nisi recalled, and application dismissed.

Charles Louque and W. O. Hart, both of New Orleans, for relator.

John C. Hollingsworth and Hubert M. Ansley, both of New Orleans, for respondent.

THOMPSON, J. The relator seeks by this proceeding to restrain the respondent judge from trying two consolidated cases pending, at issue, and ready for trial before division G of the civil district court, parish of Orleans.

It is alleged in the application, substantially, that the dominant if not decisive issue

between relator and the plaintiff, Dalgarn, in the consolidated suits is whether a certain written contract entered into by the parties had been breached by Dalgarn as claimed by the relator. That the same issue is involved in a suit between the same parties now pending in the Supreme Court and numbered 25918, and should the Supreme Court reverse the judgment of the lower court, all claims and demands of Dalgarn in the pending suits in the civil district court would necessarily be abated.

Hence it is claimed that the issue in the two consolidated suits becomes a moot question until the final determination of the case on appeal in the Supreme Court, and that this court should interpose and prevent the trial of a moot case by the respondent judge.

A brief statement of the relations between the parties and of the matters leading up to and resulting in the litigation is necessary to an intelligent discussion and determination of the question put at issue in this proceeding.

The New Orleans Land Company owned quite a large acreage of land adjacent to the New Basin canal and Shell road. The company sold 100 acres of this land to the West End Country Club. In this sale the land company obligated itself to clear the land of all underbrush, growth, and roots, and to remove the same from the property, and to remove from said land all trees, except such as might be determined to be left on the land. All stumps were to be cut not less than 18 inches below ground level.

In June, 1919, the land company entered into a written contract with L. M. Dalgarn to perform the work as above indicated. The work was performed by Dalgarn, and was paid for by the land company monthly upon a proportionate percentage basis up until some time in January, 1920, when the land company ordered Dalgarn to cease work and to remove from the land, for the reason that he had violated his contract.

Thereafter Dalgarn brought suit against the land company for $10,090.75, for work performed under the contract up to January 16, 1920. The suit was tried by jury in Division B of the civil district court, presided over by the late Judge Fred. D. King, and a verdict rendered in plaintiff's favor for the amount sued for. A new trial, however, was granted, and the case was again tried by jury in division G, presided over by Judge Columbus Reid. A verdict was again rendered in favor of plaintiff for the amount sued for, and this verdict was approved by the judge. An appeal from that judgment was obtained by the land company to the Supreme Court, and is now pending and docketed as No. 25918.

On June 25, 1920, the land company filed a suit against Dalgarn, in which it was alleged that he had defaulted on his said contract, and that, in consequence of such default, the land company was having the work completed. It was further alleged that Dalgarn was largely indebted to the land company on account of his failure to carry out his contract, and that he was removing from the land property which would have belonged to him had he completed his contract with the land company, but on account of his default, that the land company, "has the right to same as against his indebtedness caused by said default."

An injunction was issued restraining Dalgarn from going on the land and from removing any of the property therefrom.

In answer to that suit Dalgarn alleged that he was not trespassing on said land, but was only removing therefrom property which belonged to him, and which had acquired commercial value from money, time, and labor expended in converting the trees into cross-ties, poles, staves, and cord wood.

On July 14, 1924, Dalgarn filed suit against the land company for $25,605.80 as the value of cord wood, cross-ties, piling, telegraph poles, etc., which the said land company had

converted and appropriated to its benefit during the pendency of the injunction restraining Dalgarn from going on the land.

The two suits above referred to were finally allotted to division G, civil district court, presently presided over by Judge Samuel A. Le Blanc. After the said allotment and the virtual consolidation of the two suits, an exception of no cause of action and of lis pendens was filed; but this was overruled by the court, for the reason that the matters involved in the two suits were wholly distinct and disconnected from the issue in the suit pending on appeal in the Supreme Court.

In his return the respondent judge says that the cause or right of action in the suit pending on appeal in the Supreme Court is for moneys due and owing for services and benefits had and received by the New Orleans Land Company from L. M. Dalgarn, and which services and obligations arose and were furnished under the written contract of June 20, 1919; that the suit which he proposes to try, if not restrained by this court, is a cause of action by Dalgarn to recover from the land company the value of timber after severance from the soil owned by the West End Country Club, after which severance from the soil and acquiring the character of movable property, it was converted at the time and expense of L. M. Dalgarn into cross-ties, telegraph poles, cord wood, and other valuable wood, which, according to the pleadings and as shown by the injunction suit, was retained by the land company against Dalgarn, claiming to be the rightful owner thereof.

We are also informed by the pleadings and return that the 100 acres of land has been converted into a complete golf course, and is in possession of the West End Country Club. That the issues raised in the petition of the land company for an injunction have been determined by the cycle of time, and that the only remaining question is the amount of damages due to Dalgarn on account of the injunction and the value of the property which Dalgarn was enjoined from removing.

It will be observed from the foregoing statement that there is a manifest conflict between the allegations of relator's petition and the sworn return of the respondent judge. While the relator claims that the sole and the determinative question is the breach of the written contract which will be set at rest by the final decision of the Supreme Court in the case now pending on appeal, the return of the respondent judge shows that there are other and distinct issues involved in the two suits pending before him, which in his judgment will not be settled by the judgment to be rendered in the pending suit in the Supreme Court.

[1] In these circumstances the rule of jurisprudence is to the effect that the Supreme Court will accept the statement of the judge as the true statement of facts, at least in the absence of clear and positive proof of error on the part of the respondent judge. State v. Ebeier, 154 La. 348, 97 So. 473.

[2] This court is not called upon and could not be expected to examine the transcript in the case on appeal to determine, in advance of the trial of that case, whether the issue is the same as that presented in the suits pending in respondent's court, and to anticipate the fact that a reversal of the judgment on appeal will follow and if so rendered will avoid the necessity of trying the consolidated cases in the lower court.

The relator does not question the regularity and legality of the proceedings in the court below, and it is admitted that that court has jurisdiction to try and determine the issues involved in the two consolidated suits. The sole ground on which the court is asked to stay the trial in the lower court is that the issue involved in the two suits may become a moot question dependent on the assumed hypothesis that this court will reverse the judgment in the case pending on appeal.

The application of relator in effect concedes that, if this court should affirm the judgment in the pending appeal, such judgment will not have the effect of settling the demands at issue in the other two suits. The relator will have an adequate remedy by appeal from any judgment which might be rendered adverse to him in the suits below.

[3] As a general rule the writ of prohibition will not issue in appealable cases. An exception to that rule is recognized, however, in cases where the trial court is without jurisdiction. Iberia, etc., R. Co. v. Morgan, etc., R. R., 129 La. 492, 56 So. 417; City of Gretna v. Bailey, 140 La. 364, 72 So. 996.

[4] And this court will not issue a writ to a court of inferior jurisdiction prohibiting further proceedings in the case for alleged want of jurisdiction until a plea to the jurisdiction has been presented to and overruled by that court. State v. City of New Orleans, 149 La. 788, 90 So. 196.

We are referred by the relator to State ex rel. Arbour v. Board of Managers of Presbyterian Hospital, 131 La. 164, 59 So. 108, as authority for the relief sought in this case. The case cited has no special pertinence. In that case the respondent judge was restrained from trying a purely mandamus proceeding to enforce an alleged conventional contract, and this court held that the court was without legal authority to proceed in the manner attempted, for the reason that a writ of mandamus does not lie to compel the performance of obligations arising simply from contracts.

We can find no sufficient reason from the application and the return of the respondent judge calling for the exercise of the supervisory powers of this court. On the showing made, this court would not be justified in stopping the trial in the court below and staying all proceedings until the other case is heard on appeal. Non constat that judgment may be affirmed, in which event, as admitted, the cases in the lower court would have to proceed to trial.

For the reasons stated, the rule nisi, herein issued, is recalled and relator's application is dismissed.