181 So. 857

**PLITT v. PLITT.**

No. 34828.

May 2, 1938.

Rehearing Denied May 30, 1938.

S. W. Plauche, of Lake Charles, for relator.

Harris M. English, of Baton Rouge, for respondent.

LAND, Justice.

Plaintiff and defendant were married in the City of Baton Rouge, Parish of East Baton Rouge, on the 4th day of July, 1930, and established their matrimonial domicile in that City. One child, Ola Mae Plitt, was born of this marriage.

On June 15, 1937, plaintiff filed suit No. 12,153 in the Nineteenth Judicial District Court, Parish of East Baton Rouge, against defendant for separation from bed and

board, on the ground of abandonment, and for custody of minor child, and alleged that defendant was then residing in the City of Atlanta, Georgia, and, being an absentee, prayed for the appointment of a curator ad hoc to represent her, and for service upon him.

Defendant filed exception to the jurisdiction of the lower court, ratione personæ and ratione materiæ, alleging that, during the month of September, 1936, plaintiff and defendant established their permanent matrimonial domicile in the City of Atlanta, Georgia, and that the same has never been changed; and that, prior to the establishment of this domicile, the last place where plaintiff and defendant lived together as man and wife and had their matrimonial domicile was in Calcasieu Parish, Louisiana.

The exceptions to the jurisdiction of the lower court having been overruled, after hearing had, plaintiff applied to and obtained from this Court a temporary stay order, and a rule nisi to show cause why a writ of prohibition should not be issued herein.

(1) In the answer of respondent Judge, it is stated that relator is not entitled to the writs of certiorari and prohibition in this case for the reason that relator has an adequate remedy by appeal.

In Dalgarn v. New Orleans Land Co., 157 La. 387, 102 So. 498, it is said by this Court that (page 500) "As a general rule the writ of prohibition will not issue in appealable cases. An exception to that rule is recognized, however, in cases where the trial court is without jurisdiction. Iberia, etc., R. Co. v. Morgan's L., etc., R. R. Co., 129 La. 492, 56 So. 417; City of Gretna v. Bailey, 140 La. 363, 364, 72 So. 996.

"And this court will not issue a writ to a court of inferior jurisdiction prohibiting further proceedings in the case for alleged want of jurisdiction until a plea to the jurisdiction has been presented to and overruled by that court. State v. City of New Orleans, 149 La. 788, 90 So. 196."

▇ The exceptions to the jurisdiction having been overruled in the lower court, relator is entitled to invoke the supervisory jurisdiction of this Court for the writ of prohibition in the present proceeding.

▇ (2) Plaintiff married defendant in the City of Baton Rouge, Parish of East Baton Rouge, on the 4th of July, 1930, and the matrimonial domicile was established in that city. There was one child born of this marriage, Ola Mae Plitt.

Plaintiff and his wife continued to reside in Baton Rouge until January 4, 1934, when they removed to Lake Charles, in the Parish of Calcasieu.

The best evidence of the fact that plaintiff established a permanent matrimonial domicile in Lake Charles is found in a suit for separation from bed and board, on the ground of abandonment, filed by plaintiff against his wife January 9, 1936, in the Fourteenth Judicial District Court for Calcasieu Parish.

The defendant filed an answer to the petition, which is signed and verified by her on January 31, 1936. The return on the

citation shows personal service on defendant on January 9, 1936. The plaintiff charges in this suit that his wife had abandoned him and has never since returned.

Plaintiff alleges "That, at the time of said abandonment, petitioner was living at 513 Bilbo Street in this city, and that after his said wife's departure he moved to the corner of Liveoak and Kirkman Streets in the city of Lake Charles and has repeatedly requested that his said wife return to him. That his said wife still continues to remain away from petitioner; that her said abandonment is inconsistent with her duties and her marriage obligations, and that, under the circumstances, petitioner desires and is entitled to obtain a decree of separation from bed and board from his said wife."

Plaintiff prayed for the custody of their minor child, and on February 3rd, 1936, signed an agreement with defendant as to that custody.

In this suit, plaintiff obtained a judgment of separation from bed and board against his wife.

It is of no avail to plaintiff, under this state of facts, to contend that he was residing only temporarily in the City of Lake Charles, and that he still retained his matrimonial domicile in the City of Baton Rouge.

It is clear, therefore, that the last matrimonial domicile in this State was established by plaintiff and his wife in the City of Lake Charles.

Defendant testified that, when leaving Baton Rouge in January 1934, she accepted a position at Lake Charles with the Southern Bell Telephone & Telegraph Company, and that she worked continuously at Lake Charles from January 1934, until she was transferred to the Atlanta Office on March 3rd, 1936. That her husband joined her on September 15, 1936, and that they made their home at 1256 Epworth Street, with defendant's mother and sisters, until April 1st, 1937, when they moved out, and that she and her husband kept the house. That they bought furniture and furnished same, her husband having secured employment at the Maryland Baking Company. That he was working at this place on May 19, 1937, when he left Atlanta, and had been working there more than a couple of months. That she gave up the house on June 17, 1937, and sent the furniture that they had purchased back to Carroll Furniture Company. That she then moved to 1167 Indale Place, Atlanta, with her sister, Mrs. G. B. Woodward, where she now resides.

Defendant further testified that Atlanta was intended to be their permanent home, since she had been transferred there from Lake Charles and her husband had come and had secured regular employment with the Maryland Baking Company. That their little girl entered the public schools in the Fall of 1936, and was in school the day her husband got her and carried her to Baton Rouge, May 19, 1937, and that her husband was likewise employed at that date by the Maryland Baking Company.

That she never returned to Baton Rouge to make her residence, but continued her work at Lake Charles until she was transferred to Atlanta, Georgia, on March 3, 1936. That she has not lived at Baton Rouge since January, 1934.

She testified that Georgia is the last state in which they lived together as husband and wife. Defendant is corroborated in her testimony by seven witnesses, residents of Atlanta, Georgia.

It is clear that the matrimonial domicile in the City of Baton Rouge was abandoned by the acquisition of a matrimonial domicile in Lake Charles, which was likewise abandoned by the acquisition of a matrimonial domicile in Atlanta, Georgia.

Under this state of facts, the Nineteenth Judicial District Court for the Parish of East Baton Rouge is without jurisdiction, ratione personæ and ratione materiæ, to proceed further with the trial of plaintiff's suit, No. 12,153, Division A, for separation from bed and board, filed by plaintiff against defendant.

For the reasons assigned, it is ordered, adjudged, and decreed that the exception to the jurisdiction of the court, ratione personæ and ratione materiæ, filed in the above entitled suit in Division A of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, be and it is hereby maintained.

It is further ordered, adjudged, and decreed that writs of prohibition issue as prayed for in relator's application therefor, and that the suit of plaintiff, Alvin E.

Plitt v. Ola Mae Duncan Plitt, No. 12,153 of the docket of the said court, be dismissed.