131 So.2d 266 (1961)
TERREBONNE PARISH SCHOOL BOARD
v.
ST. MARY PARISH SCHOOL BOARD and Texaco, Inc.
No. 5437.
Court of Appeal of Louisiana, First Circuit.
May 22, 1961.
Rehearing Denied June 30, 1961.
*267 Aycock, Horne, Caldwell & Coleman, Franklin, for relators.
Claude B. Duval, Houma, for respondent.
Before ELLIS, LOTTINGER, JONES, HERGET and LANDRY, JJ.
LANDRY, Judge.
This matter is before us on a writ of certiorari granted upon the application of defendant St. Mary Parish School Board for review of the action of the trial court in overruling exceptions to the jurisdiction ratione personae and ratione materiae filed herein by said applicant.
Respondent in writ (plaintiff herein), Terrebonne Parish School Board, instituted this action against defendants, St. Mary Parish School Board and Texaco, Inc., seeking recognition of respondent's alleged rights in and entitlement to a portion of the proceeds of an oil, gas and mineral lease entered into between defendants on April 6, 1950 (amended January 4, 1951), wherein defendant School Board leased to Texaco, Inc., Section 16, Township Seventeen (17) South, Range Twelve (12) East, Southwestern Land District of Louisiana, St. Mary Parish, Louisiana. The property in question is what is known as a Sixteenth School Section. Plaintiff asserts that Township Seventeen (17) South, Range Twelve (12) East, Southwestern Land District of Louisiana, lies partially within Terrebonne Parish and, therefore, under the provisions of Article 12, Section 18 of the Louisiana Constitution, LSA, plaintiff is entitled to share in the proceeds of the lease granted by applicant in the same ratio that that portion of said Township Seventeen (17) lying within Terrebonne Parish, bears to the entire Township. Respondent prayed for cancellation of the lease and, alternatively, for an accounting and judgment against defendants for respondent's share of the royalties, revenues and proceeds accruing under the lease since its effective date with interest thereon at four per cent per annum and preservation of its right to receive its proportionate share of all future proceeds thereof.
Defendant, St. Mary Parish School Board, filed exceptions to the jurisdiction ratione personae and ratione materiae on the ground that it is a special agency of the State of Louisiana expressly granted immunity from suit pursuant to the provisions of Article 19, Section 26, of our state constitution adopted November 6, 1956.
The trial court considered the exceptions as exceptions of no right or no cause of action and entered judgment overruling same. Defendant then applied to this court for writs which application was opposed by plaintiff on the ground defendant possesses an adequate remedy by appeal.
Plaintiff's opposition to defendant's application for writs presents a purely procedural question which we believe should be disposed of initially. Although the general rule is, as contended by plaintiff, that writs will not be granted where an applicant therefor has an adequate remedy by appeal and therefore a judgment overruling an exception and requiring a defendant to plead and proceed to trial will not ordinarily be reviewed on writs, an exception to the rule exists in instances wherein an exception to the court's jurisdiction has been presented and overruled. Iberia, St. M. & E. R. Co. v. Morgan's L. & T. R. & S. S. Co., 129 La. 492, 56 So. 417; City of Gretna v. Bailey, 140 La. 363, 72 So. 996; Dalgarn v. New Orleans Land Co., 157 La. 387, 102 So. 498; Plitt v. Plitt, 190 La. 59, 181 So. 857.
The parties hereto are in agreement the instant case presents a single question of law, namely, whether, under the provisions of Article 19, Section 26 of the Constitution of this State, defendant School Board enjoys sovereign immunity from this action *268 admittedly brought without the consent of the state legislature.
The pertinent provision of Article 19, Section 26 of the Constitution of this State, adopted November 6, 1956, reads as follows:
"Section 26. The following named commissions, boards, bodies or municipal corporations are and shall be considered special agencies of the State of Louisiana. * * *
"(7) The parish school boards of each of the parishes of the State of Louisiana.
* * * * * *
"The consent of the State of Louisiana to suits or legal proceedings against any of the above listed special agencies, (however heretofore given) is hereby expressly withdrawn and no such suit or proceeding shall be permitted except as provided in this section. This withdrawal of consent to suits and legal proceedings shall apply not only to suits and legal proceedings filed in the future but also to any pending suits or legal procedure. There is expressly excepted from the foregoing, suits for the enforcement of contracts entered into by any of the special agencies or for the recovery of damages for the breach thereof. Additionally, the Legislature of Louisiana may, in individual cases, by appropriate act grant to any party showing just and reasonable cause the right to sue any of these special agencies, in compliance with Section 35 of Article III of this Constitution.
"This Section shall be self-operative and shall supersede any other portion of this Constitution or any statutes or regulations in conflict herewith (Added Acts 1956, No. 613, adopted Nov. 6, 1956.)"
In support of its contention defendant is without immunity from the present action plaintiff maintains (1) Section 26 of Article 19 of our State Constitution was adopted as part of a "segregation package" designed to prevent or retard racial integration of our public schools and recreational facilities by discouraging suits against school boards; (2) The present action falls within the exceptions contained in the constitutional article which permits suits on contracts because this action is an action on the mineral lease contract granted by defendant school board to Texaco, Inc., (in this regard plaintiff contends (a) Article 12, Section 18 of the State Constitution, which gives plaintiff an interest in the 16th section involved and therefore an interest in the lease thereof, is retroactive (b) If there were no lease plaintiff would have no rights to assert but since there is a lease and plaintiff is claiming rights thereunder the present suit is one on a contract (c) Article 12, Section 18 of the State Constitution which gives plaintiff rights in the land leased converts the two-party lease between defendants into a three-party contract with a stipulation pour autrui in favor of plaintiff and (d) Since Article 2301, LSA-R.C.C. requires that defendant restore to plaintiff moneys due plaintiff under the lease and erroneously withheld by defendant school board, the suit is one in quasi contract in conformity with the equitable principles set forth in Articles 21, 1956 and 2301, LSA-R.C.C.); (3) If the instant suit does not come under the exception provided in Section 26 of Article 19 of the Constitution, it is nevertheless not barred by said provision because the article designates defendant school board a "state agency" and (a) The jurisprudence of this state is established to the effect a state agency is not ipso facto entitled to the same immunity as the state itself (b) Legislative consent was never required for suits against the state in certain fields or areas of law and the withdrawal of consent previously given does not affect those instances where no consent or waiver of immunity is required. In this same connection, plaintiff contends its action is to compel performance of a purely ministerial function *269 in which such cases the defense of sovereign immunity has been traditionally held inapplicable; (4) In denying plaintiff's rights in the premises, defendant is acting illegally and not entitled to the defense of sovereign immunity under such circumstances; (5) The defense of sovereign immunity cannot be interposed in an action between state agencies but only in cases involving suits by individuals against a state agency and (6) To permit defendant to claim immunity is to deny plaintiff's rights in violation of the due process and equal protection clauses of the State and Federal Constitutions.
Respondent's contention the doctrine of sovereign immunity relied upon by applicant does not extend to suits between agencies of the sovereign and that the traditional defense of sovereign immunity is not available to one arm or subdivision of the state in a suit against it by another agency of the state, appears well founded.
The doctrine of sovereign immunity from suit by an individual is thoroughly considered in a most scholarly article by George W. Pugh appearing in Volume 13, Louisiana Law Review, page 476, in which the historical background of the rule, as well as its development in the United States, is set forth in considerable detail. The frequently reiterated reason for the rule is simply that the sovereign is supreme and incapable of wrong and, consequently, it is inconsistent with the concept of infallibility thus established to permit or require a sovereign state to subject itself to the jurisdiction of tribunals of its own creation at the instance of an individual without the prior consent of the sovereign itself.
Although respondent cites certain authorities (one from our own jurisdiction) which it contends establishes the principle that the doctrine of sovereign immunity may not be pleaded by one state agency in defense of an action by another agency, our careful reading of the decisions relied upon leads to the conclusion they do not in fact so hold.
School Board of East Carroll Parish v. School Board of Union Parish, 36 La.Ann. 806, decided by the Supreme Court of this state in 1884, does not support respondent's contention the principle of sovereign immunity is not available as a defense to a suit instituted by one state agency against another. While it is true that said matter did involve an action by one school board against another, the decision as reported does not indicate the defense of sovereign immunity was presented therein. A careful reading of the case discloses that the defendant therein met the issue with an exception of no right of action and a plea of prescription. The basis of the exception is not stated in the opinion. The court overruled the exception and plea of prescription without reference to the doctrine of sovereign immunity
Independent School District # 1 et al. v. Common School District # 1, 56 Idaho 426, 55 P.2d 144, 146, 105 A.L.R. 1267, decided by the Supreme Court of Idaho, in 1936, was an action by six school districts for recovery of funds allegedly unlawfully received and improperly apportioned as the result of an error in computation. Although the issue of governmental immunity was apparently raised therein, in disposing of the matter the court did not rest its decision upon an interpretation of the principle and made no mention of the rule. Conceding a school district is an agency of the State, the Court therein predicated its decision upon the finding that each school district is made a body corporate with the power to sue and be sued. It also found that as agencies of the state the aggrieved districts were under obligation to seek recovery of funds allegedly due their respective districts. We note therein the following significant language:
"Since every school district within the state is a public corporation and an arm of the state, charged with these duties, it seems clear that one district may maintain an action against another * * * and we have not been able to *270 discover any valid reason why such an action may not be maintained."
The case of School District 8 v. Board of Education, 115 Kan. 806, 224 P. 892, 894, decided by the Supreme Court of Kansas, in 1924, involved an instance in which property actually situated in one school district was, through error, taxed by an adjoining district. The question of sovereign immunity from suit was neither presented nor discussed therein. The case did, however, involve applicability of a statute of limitation. In disposing of the issue, the court used the following language:
"Each district as a public functionary has a right to receive taxes from the taxable property in its territory. In this respect districts stand toward each other very much as private proprietors, each of whom is entitled to the revenues from his own domain."
The court permitted recovery by plaintiff holding that the statute of limitation did not apply to plaintiff as an agency of the sovereign. Two members of the court dissented from the opinion on the ground the error in the assessment rolls should have been corrected by resort to statutory procedure.
School District No. 6, Hamilton Township v. School District No. 5, Hamilton Township, 255 Mich. 428, 238 N.W. 214, decided by the Supreme Court of Michigan in 1931, arose from a situation wherein incorporeal movables were assessed and taxed in one district whereas they should have rightfully been assessed and taxed in another. Without referring to the doctrine of governmental immunity the court permitted recovery on the basis of authorities from other jurisdictions allowing suit by one governmental agency or subdivision against another for recovery of taxes which should have been collected by plaintiff agency.
It would appear, therefore, the precise issue herein presented is without precedent.
Since none of the foregoing authorities are fully in point and our own research upon the question has not revealed a controlling precedent, it therefore appears the precise issue herein presented is res nova in our own jurisdiction as well as elsewhere.
Being called upon to decide the issue as a matter of first impression, it seems clear the question must be approached with certain well recognized principles of law in view.
That an agency or subdivision of the state, created by the sovereign state itself, is in effect the state itself or the alter ego thereof, entitled to the same privileges and immunities as its creator (except as otherwise expressly limited by the state) is a principle of almost universal recognition and application. There can be no doubt the rule obtains in our own state. Fouchaux v. Board of Commissioners of Port of New Orleans, La.App., 186 So. 103.
The state, which is the sovereign power under our theory of government, comprehends and includes administrative departments and agencies. Long v. Northeast Soil Conservation District of Louisiana, La.App., 72 So.2d 543.
School boards are agencies of the State of Louisiana as administrators of a system of public education which is a function of the sovereign as held by the Supreme Court of this State in Stephens v. Natchitoches Parish School Board, 238 La. 388, 115 So.2d 793.
From the foregoing it will be readily seen that separate and apart from the provisions of Article 19, Section 26 of our state constitution, both applicant and respondent are unquestionably agencies of the sovereign State of Louisiana and in said capacities delegated certain rights, powers, duties and privileges inherent in their sovereign creator. It is not open to serious question that as agencies of the state applicant and respondent are each clothed with the right, power and duty of *271 exercising each and every facet of the purpose of their creation saving only those aspects thereof exclusively reserved to the state itself. It follows, therefore, that both applicant and respondent are invested with all of the rights, privileges and duties of the state itself quoad their spheres of activity subject only to such limitation or restriction as may be imposed by legislative or constitutional mandate. If the foregoing relationship and result does not follow under normal, ordinary circumstances, we entertain not the slightest doubt it exists as a result of Article 19, Section 26, of the Constitution of this State.
The provision in issue clearly and unambiguously expresses the legislative and electorate intent that school boards shall be considered not merely ordinary agencies of the sovereign state but something more or to use the terminology of the section itself "special agencies of the State of Louisiana". Such precise, specific and exceptional designation must be presumed to confer upon such agencies an extraordinary status bringing them even closer to the state than the ordinary political corporation or subdivision and investing them with special rights, powers and privileges above and beyond those possessed by ordinary state departments. If such result were not intended employment of the term "special agencies" must be held to be meaningless.
We do not believe it will be seriously argued the sovereign State of Louisiana itself is barred from instituting action against one of its school boards by virtue of the provisions of Section 26 of Constitutional Article 19. We know of no rule to the effect a sovereign state may estop itself from action against one of its subservient agencies or may irrevocably waive, release or surrender its supreme supervisory power and authority over its subordinate elements. To hold, therefore, that an agency of the state, vested (within its sphere of activity) with the same rights and powers as the state itself, is barred, by the principle of governmental immunity, from suit against another agency within the orbit of authority of the former, is, in our opinion, tantamount to saying the state itself is precluded from such action.
While we do not mean to convey the impression that neither the legislative nor constitutional amendatory process is capable of precluding suit by one agency of the state against another, by virtue of the peculiar relationship of such agencies to the sovereign state such result will not be presumed and can only be accomplished by express, explicit, unambiguous provision to that effect. Any other conclusion, in our judgment is equal to forbidding such action by the sovereign itself.
Article 12, Section 18 of the Louisiana Constitution provides:
"Section 18. Where Sixteenth Section or Indemnity lands granted by Congress for public school purposes have been erroneously sold by the State, or paid by the State as fees for services rendered, such deficiencies shall be properly adjusted, as provided by the Constitution of 1879 and Section 19 of Article XII of the Constitution of 1921, and the amounts so determined shall be credited to the parish school boards of the parishes in which such townships are situated in proportion to the percentage of the townships lying in each said parishes and amounts so credited shall be treated as loans to the State on which the State shall pay interest at the rate of four per cent (4%) per annum.
"The parish school board of parishes within which there lies a township or any portion of a township containing a Sixteenth Section or any portion of a Sixteenth Section shall be entitled to a portion of the proceeds derived from the sale of said Sixteenth Section or any portions thereof, including the sale of timber thereon and revenues arising from mineral leases, contracts, royalties and all other revenues arising from said *272 sales, leases and contracts heretofore made or which may hereafter be consummated and said proceeds and revenues shall be credited to the parish school board in which such townships are situated in proportion to the percentage of the townships lying in each parish and on the funds so credited to the respective parish school boards arising from the sources above mentioned, the State shall pay interest at the rate of four per cent (4%) per annum so long as said funds remain on deposit in the State Treasury; provided, however, that any school board shall have authority to direct by resolution that the State Treasurer shall return any funds on deposit to its credit in the State Treasury or which may accrue to its credit from such Sixteenth Sections, and said parish school boards shall have the right to use the said funds in the acquisition, construction and equipping of public school buildings and other school facilities. (As amended Acts 1948, No. 521, adopted Nov. 2, 1948; Acts 1954, No. 743, adopted Nov. 2, 1954.)"
Under the foregoing constitutional authority, respondent is clearly entitled to a portion of the revenues arising from a mineral lease of Sixteenth Section school lands situated in a township or in a portion of a township located within its territorial boundaries. It is the duty of respondent to protect its interest in any such contracts and, in the absence of express, explicit and unmistakable statutory or constitutional prohibition to the contrary, it may not be precluded from institution of suit against another school board to protect such rights which are, in essence, rights of the State of Louisiana.
Our examination of Article 19, Section 26 fails to reveal any positive, express prohibition against suit by one school board against another. We conclude, therefore, the provision does not apply in the instant action.
The views herein set forth obviate the necessity of considering respondent's remaining contentions.
The judgment of the trial court dismissing defendant's exceptions to the jurisdiction ratione personae and ratione materiae is, therefore, affirmed and this cause remanded to the trial court for further proceedings not inconsistent with the views herein expressed.
Affirmed and remanded.