McBRIDE, Judge.
We granted certiorari herein, and the record which has been brought up to us pursuant to the writ discloses that plaintiff alleged in his petition that he and defendant are geologists; that they entered into an agreement for the practice of their profession as a partnership and that as such have engaged in certain phases of the oil business, during the course of which an oil, gas and mineral lease was acquired from one Fasterling (owner of the land), covering certain property in the Parish of Plaquemines, which lease was taken in the names of one Crutcher and defendant, Esk-rigge. Crutcher is not a party to this litigation and his interest in the lease is not invoked herein. Eskrigge and Crutcher assigned the Fasterling lease to Stanolind Oil & Gas Company, the assignment containing a provision for reassignment thereof by Stanolind Oil & Gas Company to Crutcher and Eskrigge. On July 9, 1959, the lease was reassigned by the successor of Stanolind Oil & Gas Company to Esk-rigge and Crutcher.
In November of 1956 plaintiff, McKee, and defendant, Eskrigge, by mutual con *547 sent terminated their partnership, and pursuant thereto divided the movable assets, such as office fixtures, maps, etc., and the funds in the joint bank account were used to satisfy outstanding- debts, and whatever remained was divided between the parties, and it was agreed and understood that any other asset inuring to the partnership thereafter was to be shared between the partners individually on the proportionate basis on which the partnership had existed, namely 40 percent to petitioner and 60 percent to defendant. Plaintiff, after the termination of the partnership relationship, removed himself from what had been its office and established his own office for the purpose of carrying on his pursuits as a geologist. Plaintiff alleges that subsequent to November 1956 there were several instances wherein rights or assets arising from the partnership were divided between the parties in accordance with their agreement.
Plaintiff further alleges he did not learn of the reassignment of the Fasterling lease covering the property in Plaquemines Parish by the successor of the Stanolind Oil & Gas Company to Crutcher and Eskrigge until a time subsequent to the dissolution of the partnership and not then until after the leased property had been developed and there was production of oil and gas from the land.
Plaintiff brought this suit in the Civil District Court for the Parish of Orleans against Eskrigge; he prays that he be recognized as the owner of 40 percent of defendant’s interest in the Fasterling lease which had been reassigned to Eskrigge and Crutcher, and that defendant be “manda-mused” to transfer 40 percent of his interest in and to the lease to plaintiff.
Plaintiff then makes several successive alternative demands, the first of which is that in the event Eskrigge has assigned, sold or disposed of or transferred in any manner any or all of petitioner’s 40 percent interest, that defendant be commanded by a writ of mandamus to transfer such interest as remains in his name, if any, to plaintiff, and that defendant be compelled to account for the present value of that portion of the lease which he is unable to transfer to plaintiff because of prior disposal ; and then, in the further alternative, plaintiff prays for a full accounting of all partnership assets which may have come into defendant’s possession after the dissolution of the partnership and which he has appropriated to his own use. By supplemental petition plaintiff reiterated the prayer in the original petition and prayed for further alternative relief, viz., that defendant be condemned to account to plaintiff for all sums that he has received and all properties or rights he may have obtained through his improper management and control of plaintiff’s interest in and to the lease on the property in Plaquemines Parish; and further that plaintiff have judgment against defendant for damages in the sum of $200,000 for defendant’s illegal appropriation of plaintiff’s property rights.
Defendant, on October 16, 1961, interposed the declinatory exception of improper venue which points out that plaintiff is claiming and asserting ownership of an interest or right in an oil, gas and mineral lease which covers and affects lands situated in the Parish of Plaquemines; it is alleged in the exception that the property or right which the plaintiff is claiming and in which he asserts an ownership is classified by law as a real right and incorporeal immovable property; that under the applicable provisions of the Code of Civil Procedure, an action to assert ownership of or interest in, or a right to, or against immovable property shall be brought in the parish where the property is located. Defendant prayed that his exception of improper venue be sustained and that plaintiff’s suit be dismissed at his cost.
By formal judgment rendered February 12, 1962, the court below overruled the exception, whereupon defendant applied to us for a writ of certiorari directed to the trial judge ordering him to send up to this court the entire record, or a certified copy *548 thereof, in order that the validity of the proceedings complained of may be ascertained and determined, and for a writ of prohibition forbidding the trial judge from taking further action in the cause. Relator also prayed that his exception to the venue be maintained and that plaintiffs suit be dismissed, and for all equitable and general relief. We issued certiorari coupled with an order staying all further proceedings in the trial court.
The matter is now before us under our supervisory powers.
A judgment overruling an exception to the jurisdiction is interlocutory and may be reviewed on appeal from a final judgment. But where it would be an utterly vain thing for a court without jurisdiction, and whose jurisdiction has been properly challenged, to proceed with the hearing of a case on its merits and subject the litigants to useless expense and inconvenience, the supervisory jurisdiction of the appellate court may be invoked and a writ of prohibition may issue forbidding the trial court to proceed further in the cause on the ground that cognizance thereof does not belong to such court and that it is not competent to decide it. Plitt v. Plitt, 190 La. 59, 181 So. 857; Dalgarn v. New Orleans Land Co., 157 La. 387, 102 So. 498; State v. City of New Orleans, 149 La. 788, 90 So. 196; City of Gretna v. Bailey, 140 La. 363, 72 So. 996; Iberia, St. M. & E. R. Co. v. Morgan’s L. & T. R. & S. S. Co., 129 La 492, 56 So. 417; Terrebonne Parish School Board v. St. Mary Parish School Board, La.App., 131 So.2d 266.
A mineral lessee or sublessee, the owner of a mineral interest in immovable property, the owner of a mineral royalty, or of any right under or obligation resulting from a contract to reduce oil, gas, and other minerals to possession, is the owner of a real right. These rights may he asserted, protected, and defended in the same manner as the ownership or possession of immovable property and without the concurrence, joinder, or consent of the owner of the land. LSA-C.C.P. art. 3664; R.S. 9:1105 (source Acts 1938, No. 205, as amended Acts 1950, 2nd Ex.Sess., No. 6).
Plaintiff, in opposition to the granting of the relief prayed for by relator in this court, takes the position that the Civil' District Court for the Parish of Orleans is the proper venue. It is argued that the partnership was only partially dissolved by the mutual agreement of November 1956, and that the present suit looks to a full dissolution thereof and to a settlement of partnership affairs and to a determination of the rights of the partners as between themselves, and whereas the partnership' was and both partners were and are now domiciled in New Orleans, the venue of the suit is proper.
This suit was instituted April 27, 1960, which was a date prior to the advent of the Code of Civil Procedure, the effective date of which was January 1, 1961. See-Acts 1960, No. 15. The exception of improper venue was filed subsequent to the date the Code of Civil Procedure came into-effect.
The suit is not one to- dissolve a partnership as the relationship of partners between the parties was dissolved and terminated by their mutual agreement in November of 1956. Nor is this a suit to partition partnership property. Plaintiff’s allegations are that a 40 percent undivided interest in the undivided one-half interest in the Fasterling lease standing in the name of relator belongs to him, and he prays for recognition as the owner of such proportion. Of course, plaintiff prays for other relief, but only in the alternative, and we do not think the alternative demands can-control venue anent plaintiff’s asserted-right to an interest in the lease.
The suit was instituted in the then proper venue. This action may be characterized as one of a petitory nature and of revendi-cation of real property, and this being so, *549 defendant could have been cited either within the jurisdiction where the property is situated (Parish of Plaquemines) or in the jurisdiction where the defendant has his domicile (Parish of Orleans) at the choice of plaintiff. C.P. art. 163; C.P. art. 44; Bercegeay v. Techeland Oil Corporation, 209 La. 33, 24 So.2d 242; Scott v. Howell, 177 La. 137, 148 So. 6; Labarre v. Burton-Swartz Cypress Co., 126 La. 982, 53 So. 113; Williams’ Heirs v. Zengel, 117 La. 599, 42 So. 153; Smart v. Bibbins, 109 La. 986, 34 So. 49; Cooney v. Blythe Co., Inc., La.App., 200 So. 517; Payne v. Walmsley, La.App., 185 So. 88. However, • pending the suit Acts 1960, No. 15, (which adopted the Code of Civil Procedure) by Section 5 repealed the Code of Practice as well as all other laws or parts of laws in conflict or inconsistent with the new code.
Article 80, LSA-C.C.P., provides in part:
“The following actions shall be brought in the parish where the immovable property is situated:
“(1) An action to assert an interest in immovable property, or a right in, to, or against immovable property, % ífí »
Thus, we have before us the instance of a suit having been brought in a court which had jurisdiction of the case but which has been deprived of jurisdiction thereof by reason of a change in the law. We have carefully searched the jurisprudence of the state and find no case where any court of appellate jurisdiction had before it the precise situation. The case nearest in point is Bass v. Yazoo & M. V. R. Co., 136 La. 528, 67 So. 355, wherein the suit was filed in an improper venue, but during its pendency and after a plea to the jurisdiction was filed, a statute was enacted which had the effect of conferring jurisdiction on the court to entertain the action. The Supreme Court held that the statute should be given a retroactive or restrospective effect, saying:
“Act No. 80 of 1914 refers only to the remedy, and there can be no constitutional objection to its applying to a case in which the plea to the jurisdiction had been filed, but not tried, when the statute went into effect.”
In 82 C.J.S. Statutes, p. 1000, is found the following comment:
“§ 423. — Jurisdiction and Venue
“In the absence of an intention to the contrary a statute relating to jurisdiction or venue may be given a retrospective operation.
“Where such intention is clearly expressed in the act, or in the absence of a saving clause, a statute depriving a court of jurisdiction may operate retrospectively to suspend proceedings then pending; but it has also been held that, where the jurisdiction of the court has once attached, it will not be impaired by statutes subsequently becoming effective. Further, where clearly intended, or in the absence of an intent to the contrary, a statute conferring jurisdiction may operate to give jurisdiction over causes of action arising before the passage of the act. There is authority, however, holding that, in the absence of a clearly expressed intention to the contrary, in cases of statutory change of jurisdiction, every statute will be construed to operate prospectively rather than retrospectively. Where new legislation does not take away previously existing rights, or deny a remedy for their enforcement, hut merely modifies the procedure, jurisdiction in pending proceedings continues under the mode of procedure directed by the new legislation.” (Italics ours.)
Matters of venue and change of venue are as a rule mere incidents of procedure, and statutes relating to remedies and procedure operate retrospectively. United States v. National City Lines, D.C.Cal., 80 F.Supp. 734, motion denied 69 S.Ct. 955, 337 U.S. 78, 93 L.Ed. 1226; United States v. National City Lines, 337 U.S. 55, 69 S.Ct. 959, 93 L.Ed. 1226.
*550 The provisions of the Code of Civil Procedure, as remedial legislation, are specifically accorded retroactive or retrospective effect by the statute by which the code was adopted.
Acts 1960, No. IS, § 4, contains these provisions:
“(A) This act is hereby declared to be remedial legislation.
“(B) The provisions of the Louisiana Code of Civil Procedure enacted by Section 1 hereof, so far as applicable, shall govern and regulate the procedure in all civil actions and proceedings :
******
(2) Pending on the effective date of this act, * * * ”
In the light of these provisions and in the absence of a saving cause with respect to actions that might be left pending in courts without jurisdiction because of a change in the provisions of the law respecting venue, the provisions of the Code of Civil Procedure, we think, must be accorded retrospective effect, and the trial court is now unauthorized to proceed further with the cause and all proceedings therein must be suspended.
The trial judge should have sustained defendant’s exception of improper venue.
None of plaintiff’s existing rights have been taken away nor is plaintiff to be denied a remedy for the enforcement of his demand against relator. The Code of Civil Procedure merely modifies the procedure and jurisdiction of the cause must henceforth continue as directed by the new legislation.
The Code of Civil Procedure contains provisions which we think may be applied to the present suit. They are:
“Art. 464. Improper cumulation, effect
“When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed. * * * ”
“Art. 932. Effect of sustaining de-clinatory exception
* * * * * *
“If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; except that if it has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.”
LSA-C.C.P. art. 121 reads thus:
“Art. 121. Action brought in improper venue; transfer
“When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue.”
We do not believe that plaintiff should be penalized by an outright dismissal of his action, but rather, in the interest of justice, his action should be transferred to the court of proper venue as authorized by the provisions of LSA-C.C.P. arts. 121 and 932.
For the reasons assigned, the judgment of the court below overruling defendant’s exception of improper venue be annulled and set aside, and it is now ordered that said exception be sustained; the rule issued against the respondent to show cause why the relief prayed for by the relator should not be granted is made absolute, and, accordingly, the trial judge is ordered not to proceed further in the cause in any manner inconsistent with the following directions:
It is further decreed that this cause be remanded to the lower court and that the trial judge issue an appropriate order transferring plaintiff’s demands against defendant for recognition as owner of an interest in the Fasterling lease to the *551 Twenty-Fifth Judicial District Court for the Parish of Plaquemines to be proceeded with in said court as though the suit had initially been filed therein, said transfer to be effected by plaintiff within sixty days from the order of transfer, otherwise plaintiff’s demands are to stand as dismissed.
Plaintiff is to pay all costs of this court; all costs of the lower court and of the Twenty-Fifth Judicial District Court for the Parish of Plaquemines are to await a final determination of the matter.
Reversed and rendered; rule made absolute ; remanded.